## McKibben *v.* Barton.

A creditor's bill filed after the return of an execution unsatisfied, to reach equita-
ble assets and to set aside a fraudulent conveyance of real estate made by the
debtor to a third person, cannot be sustained against the latter unless the creditor
has obtained a lien on the real estate by a levy of his execution.

Appeal from Oakland Circuit Court in Chancery. McKibben, the ap-
pellant, and William Edwards, who died pending the suit, filed their bill
in the circuit court against Hubbard, Mooney and the appellee Barton, to
reach equitable assets belonging to Hubbard, against whom the complain-
ants had a judgment, and to set aside as fraudulent a conveyance of real
estate made by Hubbard to Mooney. The bill set out a judgment
against Barton in favor of complainants, the taking out of execution,
and the officer's return of the execution wholly unsatisfied, and con-
tained all the usual allegations of an ordinary judgment creditor's bill
under the statute. It also averred that certain real estate, described in
the bill, had been conveyed by Hubbard to Mooney to defraud credi-
tors, and that Mooney had afterwards, at the request of Hubbard, con-
veyed the same to Barton, the appellee, who was Hubbard's sister.
Hubbard and the appellee Barton demurred to the bill. On the argu-
ment of the demurrer, the court below overruled it as to Hubbard, but
allowed it as to Barton, and dismissed the bill as to her. From that
part of the order allowing the demurrer and dismissing the bill as to
Barton, McKibben, the surviving complainant, appealed.

*Manning*, for appellant.

*Goodrich*, for appellee.

*By the court*, Miles, J. There is undoubtedly a class of cases in
which the aid of a court of equity may be invoked in behalf of a
judgment creditor, where such aid is rendered necessary by the interpo-
sition by the defendant of some fraudulent or inequitable obstruction
to the collection of the judgment, *independently of which the remedy
would have been ample at law.*

In such case the party proceeds upon the ground that the defendant

has property, either real or personal, liable to execution upon his judgment: but that by the obstruction interposed, such execution is prevented from having full effect.

The bill in this case contains the necessary allegation that the defendant has such property, and also a sufficient statement as to the fraudulent conveyances; but it is insisted that the complainant has not acquired a title to the land by the issuing and levy of an execution thereon before the filing of the bill.

Much learning has been expended in this case as to the meaning of this word *title*. I take it to mean no more than this, that the party has acquired a right to the property in dispute—a right to question the title of the fraudulent grantee—who holds by conveyances giving him. a perfect title as against the grantor, but which may be avoided by a creditor.

In McElwain v. Willis, 9 Wendell 561, a leading case in New York on this subject, Nelson, J. says, "the jurisdiction of the court rests upon the right or title of the complainant acquired by the proceeding at law upon the judgment or execution." It will be remembered that in that state a judgment at law becomes a lien upon real estate from the time it is *docketed*, and that personal property liable to execution is holden from the time of the delivery of a writ of *fieri facias* to the sheriff. This doctrine seems to be well sustained by the authorities.

In the early case of Angel v. Draper, 1 Vernon, 399, a demurrer was sustained to a bill by a judgment creditor to reach the goods of his debtor in the hands of a fraudulent assignee, for the reason that the plaintiff ought actually to have sued out a *fieri facias* before he filed his bill. Shirley v. Watt, 3 Atk. 200, was a bill to redeem a leasehold estate: held, that until execution the plaintiff had no lien on the estate, and the bill was for that reason dismissed.

These two English cases are referred to in Wiggins v. Armstrong, 2 John. Ch. R. 144. Chancellor Kent there states, "the reason of the rule seems to be, that until the creditor has established his title he has no right to interfere, and it would lead to an unnecessary, and, perhaps, a fruitless and oppressive interruption of the exercise of the debtor's rights. *Unless he has a certain claim upon the property of the debtor, he has no concern with his frauds.*" See, also, 1 Dev. Eq. R. 107.

The law upon this subject is so well settled and so clearly expressed

in the opinion of Chancellor Walworth, in the case of Beck *v.* Burdett, 1 Paige 308, that I use his words as better than any language of my own.   He says: "There are two classes of cases where a plaintiff is permitted to come into this court for relief, after he has proceeded to judgment and execution at law without obtaining satisfaction of his debt.   In one case, the issuing of the execution gives to the plaintiff a lien upon the property, but he is compelled to come here for the purpose of removing some obstruction fraudulently or inequitably interposed to prevent a sale on the execution.   In the other, the plaintiff comes here to obtain satisfaction of his debt out of property of the defendant which cannot be reached by execution at law."

It will be observed that in that case it was personal property that was alleged to have been fraudulently assigned, and that is why the chancellor speaks of the lien having been obtained by the issuing of an execution.   It is true he speaks of an actual levy being necessary to enable the plaintiff to hold the property against other execution creditors, or bona fide purchasers: but this is founded upon the language of their statute, exempting such persons from the effect of the lien created by the mere delivery of the *fi. fa.* to the sheriff.

The chancellor refers to Angel *v.* Draper, and Shirley *v.* Watts, as being cases of the description first mentioned, and to McDermutt *v.* Strong, 4 John. Ch. R. 687, as one of the latter class—for the reason that in that cause the interest of the judgment debtor was not a proper subject of seizure and sale upon execution, and that in such case the actual return of the execution unsatisfied, is necessary to give the court of chancery jurisdiction to decree satisfaction out of the equitable property of the defendant.

In such case it is also held, upon the authority of Edgell *v.* Haywood, 3 Atk. 357, that it is the filing of the bill after the return of the execution at law, which gives the plaintiff the specific lien.   In this state no lien is acquired at law upon real estate, until the actual levy of an execution.

The complainant in this case, therefore, had not acquired such a right to the real estate conveyed to Barton as to entitle him to be aided in enforcing his execution at law upon the judgment.   He does not show that if he could successfully dispute the title of Barton he would be en-

titled to the benefit of the decree of this court. But it is insisted this is a good creditor's bill under the statute.

Had the defendant Hubbard retained any equitable interest in the land, such interest would be the proper subject of a creditor's bill; and if there was no fraud, the grantee would be an unnecessary party to the bill, as the complainant, by the decree of the court, would be subrogated to all the rights of the defendant, including the right to call upon the trustee in the same manner as the defendant himself might have done. Edmeston *v.* Lyde, 1 Paige 637.

But where no rights remain to the debtor, none could by the decree be transferred to the plaintiff, and his bill would be entirely ineffectual for that purpose. *Id.*

The complainant cannot reach this property as equitable assets in the hands of Barton. The conveyance being fraudulent as. to him, *he* has a right to treat the property as though it had never been made, and only needs the assistance of this court to remove the cloud thrown over the title, to have satisfaction under his execution at law; but he is not entitled to that assistance until he places himself in a position to ask it.

It follows, that the decree in chancery must be affirmed.

*Decree affirmed.*