MARY E. BEAM v. JOHN M. BENNETT, WILLIAM H. BENNETT, HENRY M. BAKER (EXECUTOR FOR CHAS. H. BENNETT), LEWIS H. BENNETT, WILLARD ELDRED, SAMUEL BAKER, CALVIN B. CROSBY, MARY WESTFALL AND JAMES B. PATTERSON.

*Bill in aid of execution—Transfer in fraud of creditors—Costs.*

A bill in equity will lie for the double purpose of aiding an execution and of reaching property that is not open thereto.

A man fraudulently transferred his property to his son to anticipate the judgment in a suit pending against him. The son agreed, in the instrument of transfer, to pay his father's debts to certain bona fide creditors, and while the action was still pending, executed mortgages to them therefor. After the verdict but before judgment he executed other mortgages to brothers of defendant. *Held*, on a bill filed by the judgment creditor in aid of execution, that the property, relieved of the later mortgages, should be sold on execution, and that if the proceeds were not sufficient to pay the judgment and the bona fide claims, they should be applied ratably thereon.

Where a bill in aid of execution was dismissed as to all the defendants while it should have been sustained as against some, costs were allowed against the latter on appeal; but neither complainant nor the other defendants were allowed costs of the Supreme Court as against one another.

Appeal from Wayne. (Chambers, J.) June 14.—June 22.

BILL to set aside conveyances. Complainant appeals. Reversed and decree ordered.

*C. B. Lothrop* and *G. V. N. Lothrop* for complainant.

*J. W. Voorheis* and *Moore & Moore* for defendant. One who recovers in an action of tort against another for fraudulent conduct is not defendant's creditor within the meaning of the act invalidating conveyances as against creditors: *Hill v. Bowman* 35 Mich. 191; *Sheahan's Case* 25 Mich. 145.

GRAVES, C. J. The bill in this cause was filed for the double purpose of aiding an execution and to reach property not open to execution. It is perfectly regular. *Williams v. Hubbard* Wal. Ch. 28.

In November, 1878, the complainant brought her action at law against the defendant John M. Bennett to recover damages for breach of promise of marriage, and due notice of trial was given for the term which began May 5, 1879, and the trial was immediately set down to take place on the 28th of the same month. In this interval between the commencement of the term and the day fixed for trial, the defendant John M. Bennett executed a conveyance of the land in question to his son, the defendant William H. Bennett, a young man twenty-two or twenty-three years of age. This transaction was on the 16th of May. No consideration was paid; but an instrument of which the following is a copy was given back:

" Whereas, John M. Bennett has this day conveyed to William H. Bennett certain real estate in the county of Wayne and certain mortgages on property in the State of Michigan; And whereas, said John M. Bennett is indebted to Mrs.

John Westfall in the sum of about $600, to William Eldred in the sum of about $325, to Samuel Baker in the sum of about $214, to Calvin B. Crosby in the sum of about $150, and James B. Pattison in the sum of about $400 ;

'And whereas, it is intended by the parties hereto that said John M. Bennett shall be supported during his natural life by the said William H. Bennett ;

Now therefore said William H. Bennett, for and in consideration of the conveyance to him of said lands and said mortgages as aforesaid, hereby expressly promises and agrees upon demand to pay said Westfall, Eldred, Baker,. Crosby and Pattison the full amount due to them from the said John M. Bennett, be the same more or less, with the interest which has or may hereafter accrue on each and any of said claims, and have the said John M. Bennett released from all liabilities to said parties.

He further agrees to supply and provide for the said John M. Bennett, during his natural life, a suitable and proper maintenance and support.

This contract is secured by a real estate mortgage of even date herewith. The property covered by said mortgage is the same property this day deeded by said John M. Bennett to said William H. Bennett.

WILLIAM H. BENNETT. [SEAL.]

Detroit, May 16, 1879."

The mortgage specified at the close of this document was never executed.

The defendant John M., who had in immediate prospect the trial on the charge against him of breach of promise,. and who was here making provision to be protected and maintained by his youthful son, was of good age and ability to take care of himself. He was only fifty-one, was strong and robust, and an efficient blacksmith.

On the 29th of May young Bennett mortgaged the property to Westfall, Eldred, Baker, Crosby and Patterson,. the persons spoken of as creditors of John M. in the contract given in return for the deed. It provided for the payment of their demands against the defendant John M. These persons are made defendants, and relief is prayed against them. They appear to be honest creditors, and nothing is shown to impeach their share in the transaction.

On the 17th of June the complainant's action at law was

brought on for trial, and two days later she obtained a verdict for $7000. Judgment was entered on the 21st; but on the day between the verdict and judgment, namely, on the 20th, the defendants John M. and his son William H. joined in executing two mortgages on the premises,—one to Charles H. Bennett, for $1556.21, and the other to Lewis H. Bennett, for $759.24. These persons were brothers of John M. Bennett. In August the costs were taxed, and an execution issued in the case for breach of promise. The sheriff was unable to find any property to proceed against on the process except the premises in the bill, and these he levied on, but declined to sell on account of the conveyances referred to. The bill was filed in April, 1880, and in February last the cause went to hearing, and the circuit judge dismissed the bill as to all the defendants.

We are not informed of the reasons which influenced this decision. To our minds the case, upon the admitted facts, is a clear one in complainant's favor, except as against the mortgagees in the mortgage of May 29th.

The evidence is most distinct and certain in its effect that the deed made to young Bennett was given and received in anticipation of an unfavorable verdict in the case at law, and with the specific intent to frustrate the justice of that proceeding and defeat any right the complainant might establish. The mortgages made the day succeeding the verdict to Charles and Lewis Bennett, brothers of the defendant John M., are in no better plight. At the time they were executed the complainant's claim to be recognized as a creditor of John M. Bennett was substantially settled. The jury had decided in her favor, and had liquidated and reduced to certainty what was previously undetermined and uncertain. And the direct evidence and surrounding circumstances are such as to generate an inference too strong to be resisted, that they were concocted and received for the purpose of rendering the verdict abortive. They were dictated by the same motive which influenced the giving of the deed.

We now come to the mortgage of May 29th.

As we have seen already, the persons to whom that was given were bona fide creditors of John M. Bennett, and entirely free from all fault and misdoing. Such was their situation that had John M. Bennett retained the title and himself executed the mortgage, the complainant would have had no equitable color for requiring that it should be set aside in her favor. 1 Jones on Mortg. § 627. The consideration was not a debt or transaction of William H., the fraudulent grantee of John M., but a valid debt from the latter, who is the common debtor of complainant and the mortgagees. And as they are innocent, why should the fraud of their debtor against complainant be made a pretext for depriving them of all benefit from their security? Their equity does not seem to be inferior to that of complainant, and why should their mortgage be annulled at her instance and in her favor when the necessary effect must be to appropriate the whole of the debtor's means to her demand, and render their debt uncollectible and worthless?

I fail to perceive any principle that would justify such discrimination. There need be no technical difficulty. The mortgage was substantially the act of John M., and the consideration was his debts, and I see no reason why the property may not be sold on the execution, relieved from this mortgage; and in case the proceeds are insufficient to pay in full the amount going to complainant and the actual amount of the mortgage debt, as seems certain, that then the fund be applied ratably as far as it will go.

Except as to this, the prayer of the bill should be granted, with costs against the defendants other than the mortgagees of the mortgage of May 29th; but neither they nor complainant should recover costs of this Court as against the other. The decree below should be reversed, and the cause remanded with directions to enter a decree in conformity with this opinion, and to take such other steps as shall be found necessary.

The other Justices concurred.