## WILLIAM G. BLISH v. BENJAMIN Y. COLLINS ET AL.

*Fraudulent conveyances—Evidence—Inadequacy of price—Dealings
with relatives—Proof of fraud—Bill in aid of execution
—Lien of creditor.*

1. Upon a review of the case, the decree of the circuit judge dismissing complainant's bill is affirmed.

2. The dealings of an insolvent debtor, in property, with his relatives, have no necessary connection with fraudulent transactions; such relationship being a circumstance calling for closer scrutiny of such dealings, and may always be shown in evidence for that purpose.

3. Great inadequacy of price is important evidence to show fraud in, the conveyance of property by an insolvent debtor, varying, however, with the circumstances of each case.

4. The circumstances should be such. as to amount to clear proof before a party can be held liable for fraud; and the inferences to be drawn therefrom must not only be consistent with the fraudulent acts charged, but inconsistent with the theory of honesty and good faith in the transaction.

5. "Unless the creditor has a *certain* claim upon the property of the debtor, he has no concern with his frauds."

Appeal from Berrien. (Pealer, J., presiding.) Argued January 4, 1888. Decided March 2, 1888.

Bill to set aside alleged fraudulent conveyances. Decree dismissing bill affirmed. The facts are stated in the opinion.

*O. W. Coolidge,* for complainant.

*David Bacon (Clapp & Bridgman,* of counsel), for defendants.

SHERWOOD, C. J. On the ninth day of April, 1883, the complainant obtained a judgment in the circuit court for the county of Berrien, for the sum of $564.66, against the defendants William B. Collins, William J. Carey, and Ben-

jamin Y. Collins. Execution was issued thereon on the twentieth day of July, 1883, and was by the sheriff of said county duly levied upon four parcels of land claimed to be the property of defendant Benjamin Y. Collins, who executed conveyances upon three of the same as follows: Upon one of said parcels said B. Y. Collins and defendant Helen M., his wife, made and executed a mortgage to secure the payment of the sum of $1,000 to the defendant Howell, on or before one year from date, and dated the sixth day of May, 1882, acknowledged the same day, and recorded on the fifth day of August thereafter.

The said Benjamin Y. Collins and wife also conveyed by warranty deed the second parcel to said defendant Austin R. Howland, dated the thirteenth day of May, 1882, and which deed was recorded on the tenth day of May, 1883. The consideration of this conveyance purports to be the sum of $800. This conveys two descriptions.

Said B. Y. Collins and wife further conveyed to the defendant Ruth W. Babcock, by warranty deed, for the expressed consideration of $1,400, the third parcel levied upon. Said deed was dated the twentieth day of May, 1882, and was recorded the fifth day of July, 1882.

The suit in which the complainant recovered his judgment in the circuit court was commenced by attachment on the twenty-seventh day of June, 1882, upon a claim made upon a promissory note for $500, and dated the thirty-first day of May, 1880.

As stated by the complainant's counsel, the bill in this cause was filed for the purpose mainly of having the three conveyances made by Benjamin Y. Collins and wife set aside and declared null and void, as fraudulent against the complainant, and to remove the cloud upon the complainant's levy under his attachment and execution, caused by the record of such conveyances, and which are subsequent to his liens under such levies, as he claims.

The bill sets forth the foregoing facts among others, and also avers that the sheriff made the levy upon the four parcels of land, which are entered upon the writ of execution as of the twenty-first day of July, 1883; said writ being dated the day before, and made returnable the second day of October following, and the third day of October, 1883, is indorsed filed with the clerk of the court, with the following return written thereon:

"State of Michigan, } ss.
  County of Berrien,

"No property found whereof to make the damages and costs; therefore I return the within execution unsatisfied, by order of plaintiff.

"James R. Clarke, Sheriff."

The complainant further avers by his bill, on information and belief, that defendant Benjamin Y. Collins, who was surety for the other defendants upon the note upon which the judgment was given, is abundantly able to pay all his debts, if he desired so to do, but that he conceals his property for the purpose of defrauding his creditors, and that he has money under his control to the amount of several thousand dollars, which cannot be reached by execution. And he further avers, that the above-mentioned mortgage made by him was without consideration; that the mortgagee was his uncle, residing in the state of New York; and that the mortgage was made for the purpose of defrauding the mortgagor's creditors, and after the issuing of the writ of attachment, and is void against complainant's levies; also that both of said deeds are fraudulent, and made without any consideration, and not until after the issuing of said writ, and with the intent to defraud complainant out of his debt; that said deeds and mortgage were dated back, and neither grantee in the deeds or the mortgage received said conveyances in good faith; that said mortgage was made without the knowledge of the mortgagee, and that the deeds were made with the knowledge of the grantees of the facts

which make them void. The remaining averments of the bill are those usual in the ordinary creditor's bill.

David Bacon was originally made a party to the bill, he being, as is alleged, the attorney who drafted the several conveyances, and attorney of all the defendants, and participating in the alleged fraud. The bill was, however, on coming in of the answers, dismissed as to him, and there is nothing showing him other than the proper legal adviser of the parties.

The defendants appeared, and, except B. Y. and Mrs. Collins, John Collins, and William J. Carey, all jointly and severally answered and fully denied all the fraud charged in the bill, as well as the main facts contained therein from which it is imputed, and each denies that he or she holds any property of Benjamin Y. Collins for his creditors or in trust for him, or that either of the conveyances were antedated.

Mr. Blish, Mrs. Babcock, John Collins, A. Howland, and B. Y. Collins, all parties to the suit, and three others, were sworn in the case on the part of the complainant. The defendants took no testimony.

The case was heard before Hon. Russell R. Pealer, circuit judge, on the pleadings and proofs, who made a decree dismissing the bill.

After a review of the case we are satisfied the circuit judge was correct in his conclusion, and that the decree should be affirmed. There is no proof in the case that the conveyances mentioned made by B. Y. Collins were not made and executed on the days they bear date. The mortgage to Howell was made the sixth day of May, 1882, the deed to Howland, on the thirteenth day of May, and the deed to Mrs. Babcock, the twentieth day of May, 1882. The complainant's attachment did not issue until the twenty-seventh day of June following; more than a month after the conveyances were made.

It is claimed the withholding of these conveyances for sev-

eral months from the record, after they were made, was a circumstance tending to show fraud. Certainly the grantors could not control the recording of them, and there is no statute requiring the grantees to record them. It was their privilege to record them or not, as they might choose. While it was competent to give the fact in evidence as perhaps explanatory of something else in the case, it is difficult to see how the want of record of these instruments could be made a circumstance of fraud. Usually parties obtaining conveyances of real estate for a fraudulent purpose seek to record the same at the earliest opportunity, instead of withholding them; and we think it may be safely said that it is rare indeed that such a conveyance is withheld for a fraudulent purpose. These parties live ten or twelve miles from the register's office, and Mrs. Babcock explains why her conveyance was not recorded earlier.

It is true, some of these defendants were related to each other, but that is but a circumstance calling for closer scrutiny of the dealings of the parties, and their relation may always be put in evidence for that purpose. The dealings of an insolvent debtor, in property, with his relatives, have no necessary connection with fraudulent transactions.

It is claimed that the inadequacy of price obtained for the real estate by B. Y. Collins is so great as to furnish strong evidence of the fraud charged against him. Inadequacy is unquestionably, when unusually great, important evidence to show fraud in such cases, varying, however, with the circumstances of each case; but no such evidence exists in this case. Mrs. Babcock says she invested in the basket factory property because she thought it was cheap, but there is no testimony showing that the cash value was greater than what she paid for it at the time she purchased.

The circumstances should be such as to amount to clear proof, before a party can be held liable for fraud. The inference to be drawn from them must not only be consistent

with the acts of fraud charged, but inconsistent with the theory of honesty and good faith in the transaction. And there is no satisfactory testimony showing the other considerations paid for property sold were greatly less, if any, than the cash value thereof.

It is claimed securities were taken for larger balances of purchase money than is consistent or usual in transactions of this kind. In one instance a mortgage was taken for $800 on a sale of $1,000, but it appears the purchaser was Benjamin's brother, and that Benjamin owed him at the time about $200, which was subsequently allowed upon the note, and which really, with the $200 paid when the purchase was made, reduced the security to $600. It does not appear, however, that the purchaser's note was not good for the amount without the mortgage. We see no evidence of fraud, or enough to raise a suspicion in this matter.

It is claimed that the deed to John Collins, a brother of Benjamin, and a farmer living out of the city of Niles, irrespective of fraudulent intent, should be set aside on the ground that he had not taken possession of the property conveyed to him in the city, by the deed, at the time of complainant's levy; that, the deed being unrecorded, the lien under the levy was prior thereto. We do not so construe the testimony as to the possession. There was no objection to Benjamin's holding possession of the property after he sold, for and as agent of John. This he did, according to the testimony, and which is not disputed, and such possession was evidence of John's title, and of which the sheriff was bound to take knowledge when he made his levy.

It is unnecessary to pursue the subject of fraud further in the execution of these conveyances. The evidence shows none, and they are not void as against complainant upon that ground, and the bill cannot be sustained upon that theory. Neither can it be sustained as a creditor's bill; indeed, not much is claimed for it upon that theory by complainant, and

his proofs are quite as unsatisfactory to sustain such a bill as they are to show fraud in making the conveyances referred to.

The most favorable construction that can be put upon the bill is that it is one in aid of execution, and the proofs all seem to be put in with a view of supporting such a bill; but in such a case a lien must have been acquired by levy of the writ, before conveyances and clouds could be removed to aid such legal process, and such lien must exist at the time the bill is filed.   In this case it had been removed by direction of the plaintiff, nearly or quite a year before the complainant filed his bill.   It is well said by Chancellor Kent:

"Unless he [the creditor] has a certain claim upon the property of the debtor, he has no concern with his frauds." *Wiggins v. Armstrong*, 2 Johns. Ch. 144.   See, also, *McKibben v. Barton*, 1 Mich. 213; *Rhead v. Hounson*, 46 Id. 246 (9 N. W. Rep. 267); *Tyler v. Peatt*, 30 Id. 65; *Beck v. Burdett*, 1 Paige, 308.

There is nothing in the record upon which the bill in this case can be sustained, and the decree must be affirmed.

CHAMPLIN, MORSE, and LONG, JJ., concurred.   CAMPBELL, J., did not sit.