## LOUISA VANDERPOOL v. FRANCIS NOTLEY ET AL.

[See 71 Mich. 431.]

*Equity—Judgment creditors' bill—Execution.*

A judgment creditor cannot file a bill to reach choses in action in the hands of third persons while an execution is outstanding on his judgment.

So *held*, where, after a levy on land claimed to have been conveyed in fraud of creditors, a bill was filed to subject said land to the payment of the judgment, and to reach choses in action in the hands of third persons, and the charge of fraud in the sale of the land was not sustained, but relief was granted upon the other branch of the case, although the execution had not been returned.

Appeal from Kalamazoo. (Mills, J.) Argued June 19, 1888. Decided October 5, 1888.

Bill in aid of execution, and to reach property not open to execution. Defendant Notley alone appeals. Decree reversed, and one entered in favor of the appellant, dismissing bill, with costs of both courts, but without prejudice, etc. The facts are stated in the opinion.

*S. M. Constantine* and *Howard & Roos*, for complainant. [No authorities cited.]

*Dallas Boudeman*, for appellant, contended for rule stated in the opinion, citing authorities therein referred to.

LONG, J. The bill in this cause alleges substantially that the complainant, on October 25, 1882, recovered a judgment, in the circuit court for the county of Kalamazoo, against Jeremiah O. Richardson, as defendant, for $1,600 damages, and $75.80 costs, in an action for breach

of promise of marriage, on which an execution was issued, March 23, 1885, directed to the sheriff of said county, returnable May 5, thereafter. April 13, 1885, said sheriff levied upon all the right, title, and interest of said Richardson in the N. ½ of the N. W. ¼ of section 30, town 4 S., range 10 W., with exceptions which amount to 10 acres. Notice of levy was filed with the register of deeds.

At the time of the rendition of said judgment Richardson claimed to be irresponsible. The bill alleges that such pretense was a fraudulent one, and was made by Richardson and the other defendants to cheat the complainant out of her judgment; that the contract of marriage involved in the suit was entered into January 1, 1879.

That in September of the same year Jeremiah O. Richardson intermarried with Eliza Notley, and he then began to scheme how to defraud the complainant, and, for the purpose of defrauding her out of any judgment she might get against him, he, in December, 1880, executed to Eliza Richardson, then his wife, a warranty deed to the land described above, which was then duly recorded; that this was part of the scheme on the part of Richardson and his wife and Francis Notley, father-in-law of said Richardson, whereby said Notley was to become the apparent owner of all said Richardson's property subject to levy and sale under execution; that on July 22, 1881, Eliza Richardson, in pursuance of such scheme, made a deed of said lands to Francis Notley, defendant; and that such conveyances were both fraudulent.

That just prior to the commencement of her suit Jeremiah O. Richardson was the owner of certain chattel mortgages and securities; and, for the purpose of hindering said complainant in the collection of her claim, or any judgment she might obtain, and after she had asserted

her claim and threatened to bring suit, said Jeremiah O. Richardson sold, assigned, and transferred the same, receiving therefor a large sum of money, which ought in justice to be applied towards satisfying her judgment, but which the said Jeremiah O. Richardson keeps fraudulently secreted and hid ; and that he has no property within the reach of execution.

That she is informed and believes said Jeremiah O. Richardson has other property, goods, chattels, moneys, and effects, fraudulently concealed, and by and through the aid and assistance of his wife and father-in-law keeps it beyond the reach of execution, and for the purpose of preventing her from collecting her said judgment.

The prayer of the bill is that the deeds of conveyance of the aforesaid real estate from Jeremiah O. Richardson to his wife, and from his wife to Francis Notley, may be decreed to be fraudulent and void as against the complainant, and that her execution levy may be adjudged to be a valid lien thereon, and that the court direct that the said land and premises so levied upon be sold by the sheriff for the purpose of satisfying the judgment of the complainant ; and that the defendant Jeremiah O. Richardson may be compelled to disclose and account for the assets, goods, chattels, and effects fraudulently concealed to defraud the complainant ; and that the other defendants, as well as Jeremiah O. Richardson, be directed and decreed to pay over and account for all the moneys in their hands, goods and effects under their control, belonging to said Jeremiah O. Richardson, to apply on said judgment.

The answer of defendants is substantially as follows: The defendant Jeremiah O. Richardson admits that judgment was obtained against him as alleged in the bill and upon the cause of action therein set forth. Defendants

do not admit that an execution was issued upon the judgment, or, if there was any, that the same was placed in the sheriff's hands, and levy made upon the property described in the bill.

Defendant Jeremiah O. Richardson admits that at the time of the rendition of said judgment, and ever since, he has claimed that he has no property not exempt from execution; and the other defendants say they have no knowledge upon the subject, and neither admit nor deny the facts alleged in the bill about the responsibility of said Jeremiah O. Richardson, who says that his allegation that he has no property, and that he is irresponsible, is true; and the other defendants neither admit nor deny the allegation, but leave the complainant to her proofs.

Defendants deny that the contract of marriage out of which judgment was obtained was entered into January 1, 1879. They admit that in September, 1879, Jeremiah O. Richardson intermarried with Eliza Notley; but they deny that any scheme was entered into to cheat or defraud the complainant, or that they ever undertook to cheat or defraud her out of any judgment she might obtain, or put the property of said Jeremiah out of the reach of any execution she might issue. They admit that the conveyance was made by Jeremiah to his wife, and by Mrs. Richardson to Francis Notley. They deny the same were made to cheat or defraud the creditors of Jeremiah, but allege that they were valid, and that Francis Notley paid a full and valuable consideration for the conveyance to him of the lands.

They deny that there was any scheme by which the defendant Francis Notley was to absorb and become the owner of all the Richardson property subject to levy and sale on execution. They say that the land described in the bill consisted of 70 acres; that 40 acres of the same was actually occupied as a homestead by Jeremiah O.

Richardson at the time he conveyed to his wife ; that the same was not worth to exceed $2,300 to $2,500, and upon which there was a mortgage of about $1,000 ; that the conveyance was made by said Jeremiah to his wife, and by his wife to Francis Notley, subject to the payment of that mortgage ; that Francis Notley afterwards paid the mortgage in cash ; that, by reason of the same having been the homestead of said Jeremiah, he had the right to convey the same at the time he did, and that none of his creditors were in a position to object to the same ; that they continued to occupy said premises until the conveyance was made to Francis Notley ; and that they had always been exempt from execution as against the defendant Jeremiah O. Richardson.

Defendant Jeremiah denies that he was the owner of any chattel mortgages and securities prior to the commencement of complainant's suit, or that in contemplation of said suit he had transferred or assigned any such securities, and received a large sum of money therefor, which he had secreted and hid from the reach of process, and he denies that he had any such sum of money at the time the suit was commenced. Defendants deny any concealment of any of Jeremiah's personal property by him, or by any of the defendants. Defendant Francis Notley denies that he has any property, mortgages, chattels, or securities of any kind, or any transfer of the property whatever.

They also allege that, by reason of the complainant's delay in filing her bill, she should not have the relief granted ; and coupled to this answer is a demurrer, stating as a ground of objection to the bill that the same had not been filed within a due and reasonable season after obtaining a judgment, and that the property alleged to have been conveyed was not subject to execution.

That the bill is multifarious, in that it is a bill to

discover assets, and it is in part a creditors' bill and in part a bill to set aside an alleged conveyance of property, and that that part which relates to the transfer by Jeremiah of his property other than the real estate are matters in which the other defendants have no interest; that the said bill does not set forth as to the defendant Notley any transfer of any property, and does not sufficiently specify any property which it is claimed he had in his possession as belonging to said Jeremiah O. Richardson; that by the showing in the bill neither Eliza Richardson nor Jane Notley are necessary parties.

The testimony was taken in open court at two different sessions, and at the close of the case a decree was rendered in favor of the complainant, finding that the assignment by the defendant Jeremiah O. Richardson to Francis Notley of his interest in a certain mortgage, called the "Morrison mortgage," bearing date July 22, 1881, was made without consideration, and to defraud the complainant in any judgment she might obtain against the said Jeremiah O. Richardson; finding that the defendant Francis Notley had received $1,000 under said assignment in money, and that the same equitably belongs to the complainant, and should be applied upon her judgment; and requiring the said Francis Notley to pay said $1,000 within 30 days, together with the costs of the suit; and granting no relief to the complainant, as prayed in the bill, with reference to setting aside said defendant's conveyance of the land. From this decree Francis Notley alone appeals.

The bill is filed for the double purpose of aiding an execution and to reach property not open to execution. The finding of the court is that the assignment by defendant Jeremiah O. Richardson to Francis Notley, of his interest in a certain mortgage executed by Charles Morrison, was without consideration, and made to defraud

the complainant out of her said judgment; and that Francis Notley received the moneys belonging to Jeremiah O. Richardson under such fraudulent assignment, to to the sum of $1,000, and that said Francis Notley should pay the same over to complainant within 30 days.

No relief is granted against the other defendants, except as to costs against Jeremiah O. Richardson as well as Francis Notley. The complainant does not appeal, and must be held satisfied with the finding and decree of the court below, and from which it appears that the court did not find any fraud in the conveyances of the real estate upon which the execution was levied.

There are two classes of cases in which a judgment creditor is permitted to come into a court of equity for relief:

*First.* In aid of his execution at law, as to set aside an incumbrance or a transfer of property made to defraud creditors. The issuing and levy of the execution gives the complainant a lien upon the property, but he is compelled to come into a court of equity for the purpose of removing some obstruction fraudulently interposed to prevent a sale on execution. In this class of cases he may come into court immediately after he has obtained a lien by the levy of his execution, and, the obstruction being removed, he may proceed to a sale of the property under his execution, and subject the proceeds thereof to the payment of his judgment.

*Second.* To have his judgment paid out of choses in action or other property of the debtor which cannot be reached by execution at law.

Relief is given in these two classes of cases on different principles,—in the first class, on the ground of fraud; and in the other, on the ground that the complainant has exhausted his remedy at law, and that it is inequitable and unjust for the debtor, under such circumstances, to

refuse to apply any choses in action or other property belonging to him which cannot be reached by execution at law in payment of the judgment.

To entitle a party to the aid of this Court in the first class of cases, an execution must have been levied, but it is not necessary that it should have been returned (*Clarkson v. De Peyster*, 3 Paige, 320; *McElwain v. Willis*, 9 Wend. 548); or, if it has been, that a new execution has been taken out (*Williams v. Hubbard*, Walk. Ch. 29). The right to come into court for relief in this class of cases is complete the moment that an execution levy is made. The fraudulent conveyance works an injury to the creditor by hindering and delaying him in the collection of his judgment.

But when the creditor asks to have his judgment satisfied out of property belonging to the debtor that cannot be reached by execution, he must show, not only that an execution has been taken out, but that it has been returned unsatisfied in whole or in part. The reason of this rule is that a judgment debtor shall not be harrassed with a suit in chancery until the creditor has availed himself of all his common-law remedies to collect his judgment. *Thayer v. Swift*, Har. Ch. 431.

It is not unusual for judgment creditors' bills to be so framed as to include the two classes of cases, and there appears to be no objection to such a course. *Beam v. Bennett*, 51 Mich. 148 (16 N. W. Rep. 316).

The execution in this case was issued on March 23, 1885, and placed in the hands of the sheriff of Kalamazoo county, who on April 13, 1885, levied upon the lands described in the bill, and caused notice of such levy to be filed in the office of the register of deeds of said county on the same day.

Complainant's counsel make a claim in their brief filed in this Court that—

"There were two executions issued on the judgment; that the first was issued on the 27th day of February, 1884, returnable April 1, 1884, and was on the 9th day of May following returned wholly unsatisfied."

But the bill nowhere alleges, and no proofs are offered in the case, that any execution has been returned unsatisfied in whole or in part.

The court below, in its findings, excludes the idea of any fraud in the conveyances of the lands levied upon, and gives decree against the defendant Francis Notley for the sum of $1,000; evidently proceeding upon the ground that the bill was sufficient as a judgment creditors' bill to reach choses in action in the hands of defendant Notley. The complainant rests satisfied with the findings and decree of the court below. The defendant Notley appeals from the findings and decree as made.

But can relief be granted complainant under the bill as a judgment creditors' bill? The execution was still out at the time the bill was filed. It had not been returned unsatisfied in whole or in part. Complainant had not exhausted her remedy at law against the defendant Jeremiah O. Richardson.

It is a familiar principle that one must exhaust his remedy at law before he can resort to equity, except in those cases where he has an actual lien or security of such a nature as to give him an original right to file a bill to enforce it ; and until he has obtained judgment, and issued execution, and failed to reach property on it, and had it duly returned *nulla bona,* he is not in a position to resort to a court of equity to reach choses in action in the hands of third parties.

It was said by this Court in *McCullough v. Day,* 45 Mich. 556:

"We notice that it contains some matters which are only appropriate where the object is to reach classes of

property that are not liable to seizure on execution, but there was no foundation, of course, for anything of that kind. The execution being still out and active at the time the suit was commenced, no necessity was legally apparent for seeking through equity to discover and subject to the judgment any non-leviable interests ;" citing *Smith v. Thompson,* Walk. Ch. 1 ; *Williams v. Hubbard,* Id. 28 ; *Tyler v. Peatt,* 30 Mich. 63.

The bill cannot be sustained as a judgment creditors' bill, and therefore it follows that the decree of the court below cannot stand.. We express no opinion upon the merits of the controversy. The decree of the court below must be set aside, and decree entered in this Court in favor of defendant Francis Notley, dismissing complainant's bill, with costs of both courts, but without prejudice to the rights of the complainant in the premises.

The other Justices concurred.