WILSON v. ADDISON.

1. EQUITY PLEADING—BILL IN AID OF EXECUTION.
     A bill in aid of execution is not demurrable because the remedy under a levy on personalty, disclosed by the bill, is not shown to have been exhausted.

2. SAME.
     A bill in aid of execution need not show an execution returned unsatisfied.

3. SAME—MULTIFARIOUSNESS—CREDITOR'S BILL.
     A bill may be filed for the double purpose of aiding an execution and of reaching property not subject thereto, based on a return of execution unsatisfied, and the issue and levy of an alias writ.

4. SAME—PARTIES.
     A bill in aid of execution may join as defendants persons claiming under separate conveyances from the debtor, and having no common interest.

Appeal from Wayne; Frazer, J. Submitted May 8, 1901. Decided July 19, 1901.

Bill by Maude Wilson against Frederick Addison, Anna Addison, and Charles Addison in aid of execution and to reach other assets of the debtor. From an order overruling her demurrer to the bill, defendant Anna Addison appeals. Affirmed.

*Rowland M. Connor*, for complainant.

*William B. Jackson* (*George Gartner*, of counsel), for appellant.

MONTGOMERY, C. J. The bill in this case presents the double aspect of a judgment creditor's bill and a bill in aid of execution. It alleges, among other things, that an execution was issued and returned unsatisfied, and subsequently another execution issued and levied on certain property, which is alleged, on information and belief, to belong to defendant Frederick Addison, the judgment debtor, but which, it is alleged in the bill, he pretends is partnership property, in which defendant Charles Addison has an interest. It is also alleged that this second execution has been levied on certain real estate claimed to have been conveyed by defendant Frederick Addison to defendant Anna Addison, his wife, for the purpose of hindering and defrauding creditors. A disclosure is asked for, and it is prayed that the deed be set aside. Anna Addison demurred, her demurrer was overruled, and she has appealed.

1. It is insisted that the bill is bad because the remedy against the personal property is not shown to have been exhausted. So far as Anna Addison is concerned, this is a bill in aid of execution, and is authorized by the statute (3 Comp. Laws, § 9167). See *Williams* v. *Hubbard*, Walk. Ch., at page 29; *Vanderpool* v. *Notley*, 71 Mich., at page 428 (39 N. W. 574).

2. It is, of course, unnecessary to the relief sought

against Anna Addison that the bill should show an execution returned unsatisfied. But it does show that fact, and the issue of the later execution cuts no figure. *Clark* v. *Davis*, Har. Ch. 227, 235.

3. The bill is not multifarious. It is perfectly regular to file a bill for the double purpose of aiding an execution and to reach property not open to execution. *Beam* v. *Bennett*, 51 Mich. 148 (16 N. W. 316); *Clark* v. *Davis*, Har. Ch. 227; *Williams* v. *Hubbard*, Walk. Ch. 28. The demurring defendant is not in position to complain that complainant has found it necessary to join other defendants in the effort to secure a lien upon sufficient property of the judgment debtor to satisfy her claim. *Hamlin* v. *Wright*, 23 Wis. 491; *Allen* v. *Railroad Co.*, 11 Ala. 437; *Chase* v. *Searles*, 45 N. H. 511; 5 Enc. Pl. & Prac. 547.

The order overruling the demurrer will be affirmed, and the case remanded, with costs of this court to complainant.

The other Justices concurred.