SCHELOWSKI *v.* PAWLOWSKI.

1. CREDITOR'S SUIT — BILL IN AID OF EXECUTION — ISSUANCE AND LEVY AS PREREQUISITE.

   The levy of execution upon specific property is a prerequisite to the jurisdiction of equity upon a bill in aid of execution.

2. SAME.

   An averment of the bill that an alias writ of *fieri facias* was issued, delivered to the sheriff, and duly served by him, followed by a paragraph stating that the sheriff attempted to levy said execution upon real estate described, when he discovered that the property had been fraudulently transferred, etc., is insufficient to support the jurisdiction of the court of equity.

Appeal from Wayne; Murfin, J. Submitted January 9, 1912. (Docket No. 66.) Decided March 12, 1912.

Bill by Veronica Schelowski against Frank Pawlowski and others in aid of an execution. From a decree dismissing the bill, complainant appeals. Affirmed.

*McIntyre & Wheeler,* for complainant.

*August Cyrowski,* for defendants.

STEERE, J. Complainant filed a bill in aid of execution, in which she prays that a certain deed, dated October 21, 1909, executed by defendant Frank Pawlowski, conveying to the other defendants, who are his children, certain real estate in the city of Detroit, be set aside, a receiver be appointed, an injunction be granted, restraining defendants from transferring or encumbering the property, and that complainant be authorized, through the sheriff, to levy upon said property and sell the same to satisfy a judgment for $500 previously obtained by her against said Frank Pawlowski on the 5th day of July, 1910, for breach of promise of marriage.

It appears, undisputed, that the defendant Frank Paw-lowski, some time prior to Easter, 1909, made a valid contract of marriage with the complainant, under which everything proceeded harmoniously until about the middle of October, 1909, when he served a written notice upon her, implying a disinclination to carry out his part of said contract, and intimating she might consider the engagement broken. Prior to this, and as a step leading towards a consummation of said matrimonial contract, defendant agreed that on October 14, 1909, he would come over to complainant's place and go with her before the priest of the local church and have the engagement publicly announced; but for some reason not fully disclosed by the record, he experienced a change of heart, and, instead of observing that agreement, sent her the following emotional communication:

"DETROIT, October 14, 1909.

"I am sitting down to a table to write to your heart. Praise be the Lord Jesus Christ, and I suppose that you will answer me in eternity. Amen. Dear Woman: It is pretty hard for me to move to you. I have too much troubles because I am sick of all that—of all this trouble and mortification. It is hard, but I wish all luck and God's blessing and the Blessed Mother. Remain with God.

"FRANK PAWLOWSKI."

The record shows the following stipulation:

"It is further admitted that complainant did, on or about the 16th day of February, 1910, start suit in the circuit court for the county of Wayne for the alleged breach of the aforesaid contract of marriage; and, further, that complainant did prosecute her said action for breach of promise of marriage to trial in the said court on the 5th day of July, 1910, and after trial by jury of said cause of action a verdict was rendered in favor of said complainant in the sum of $500, and subsequently judgment was duly entered thereupon and costs taxed in the sum of $47.20; that said judgment remains in full force and effect, and had never been appealed from, and that an execution was rendered upon said judgment, as will more fully appear in the bill of complaint and amended bill of complaint thereto filed in said cause and made a part of this record.

And it is further admitted that defendant has    property whatsoever, other than this in question, out of which this judgment might be satisfied, and that no claim of homestead exemption is raised by said defendant, and that this bill is filed in aid of said execution."

The trial court dismissed complainant's bill, stating the following reason:

" The record shows that counsel for complainant admitted in two or three places that the property sought to be reached in this proceeding was transferred by this man to his children, eight of whom were minors, solely and entirely to obtain their consent to his proposed marriage to this complainant. The testimony of complainant herself indicates that, instead of this property being transferred after the breach of promise of marriage, it was transferred in contemplation of marriage, to the end that his children would have it, rather than his prospective wife."

The printed record in this court does not disclose the facts on which the foregoing conclusions are based. We find no admission of counsel, or testimony, to the effect that the transfer was made in contemplation of marriage, or to obtain the consent of the grantees to such marriage. On the contrary, the record shows that the engagement and estrangement preceded the conveyance.

It is urged that this bill should be dismissed, because no levy was made upon the property sought to be reached. The stipulation just quoted declares "that this bill is filed in aid of execution." If there was any question as to the nature of the bill of complaint under consideration, it is put at rest by this stipulation. It is not a judgment creditor's bill, filed to reach general equitable interests, or to discover sequestered assets of the debtor, but a bill in aid of execution, the function of which is to help in the enforcement of an acquired lien on designated property, a sale of which, on execution, is embarrassed by some fraudulent or inequitable obstruction. The rules which obtain in judgment creditors' bills and in bills in aid of execution are not the same. *Hodge* v. *Gray*, 110 Mich. 654 (68 N. W. 979).

The evidence does not disclose that any levy has been made on the property described. Referring to the bill, which is made a part of the record, we find no allegation of that fact. Amended paragraph 3 of said bill states that an alias writ of *fieri facias* was issued, "and on the same day delivered to said sheriff, to be by him executed in due form of law;" and paragraph 4 of said bill states:

"That the said sheriff did make an attempt and was about to levy said execution upon the said above-described real estate, when he discovered that the same had been fraudulently transferred by the said defendant Frank Pawlowski, as will more fully hereafter appear."

From this it is evidenced that no levy has been made; the nearest the sheriff came to it he "was about to levy" upon the land sought to be held for the judgment, when his discovery of this conveyance diverted him from it.

No lien is acquired on real estate in Michigan under a judgment until actual levy of an execution. Before a bill in aid of execution can be entertained by a court of chancery to assist in enforcing an execution at law, not only must the execution be issued, but an actual levy made and lien acquired, on the property sought. To establish a *prima facie* case, proof of levy is required. Act No. 99, Pub. Acts 1897; *McKibben* v. *Barton,* 1 Mich. 213; *Blish* v. *Collins,* 68 Mich. 542 (36 N. W. 731); *Vanderpool* v. *Notley,* 71 Mich. 429 (39 N. W. 574).

"Not only must a person become a judgment creditor in order to be in a position to take proceedings to set aside fraudulent conveyances, but this must be followed by the issue of an execution and the levy of it upon the property said to have been so fraudulently conveyed." *Eames* v. *Manley,* 121 Mich. 300 (80 N. W. 15).

The decree of the trial court, dismissing the complainant's bill, is affirmed, with costs.

MOORE, C. J., and McALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.