NEWCOMB v. MONTAGUE.

1. FRAUDULENT CONVEYANCES—BILL IN AID OF EXECUTION—CONDITIONS PRECEDENT.

Where plaintiff filed a creditors' bill alleging that defendant debtor had made a transfer of his property in fraud of his creditors, showing no levy on the interest of the judgment debtor therein, but attempting to secure a decree applying the property on the judgment, the bill would

not lie as a creditors' bill because the remedies at law were not exhausted; and defendant could not be sued for relief in aid of execution, because the execution must have been levied upon the assets conveyed before the judgment creditor could secure the aid of equity.

2. SAME—FRAUD—VOID TRANSFER—EXECUTION.

If, as averred by the plaintiff, the conveyance was in defraud of creditors, it was null and void. 3 Comp. Laws 1915, § 12897. And, hence, a creditors' bill, which can only reach equitable assets not subject to execution, would not be the appropriate remedy. On demurrer to the bill of complaint, the court was not warranted in holding that the bill set up facts sufficient to entitle plaintiff to the relief prayed.

Appeal from Grand Traverse; Mayne, J. Submitted October 5, 1916. (Docket No. 38.) Decided December 21, 1916.

Bill by David B. Newcomb against Eunice K. Montague and others to set aside a certain deed, for an accounting, and for other relief. From an order overruling the demurrer of above named defendant, she appeals. Reversed.

*Patchin & Duncan,* for plaintiff.

*Covell & Cross,* for defendant.

KUHN, J. This is an appeal from an order overruling a demurrer filed March 31, 1915. The bill of complaint alleges, in substance, that on the 6th day of October, 1914, the plaintiff recovered a judgment in the circuit court for the county of Grand Traverse against the defendant Herbert B. Montague in the sum of $764.10, and costs; that an execution was issued upon said judgment, placed in the hands of the sheriff, who returned that Herbert B. Montague did not have any property in his bailiwick. Fraudulent conveyances of property by the defendant Joseph A. Mon-

tague were alleged, but the only allegation connecting the defendant Eunice K. Montague with the transaction was that previous to the rendition of the judgment Herbert B. Montague was the owner of certain real estate, and that he made and executed a pretended deed of conveyance of said property to the defendant Eunice K. Montague, his wife, for the purpose of hindering and defrauding the complainant and creditors of the said Herbert B. Montague in the collection of their just claims and demands, and praying that the said deed be set aside, and that the lands described be decreed to be the property of the said Herbert B. Montague, subject to levy and sale for the satisfaction of the amount due the complainant on his judgment.

The demurrer filed alleges as a ground thereof the following:

"Because it appears from said bill of complaint that the only execution claimed to have been issued upon the judgment alleged to have been obtained by the said complainant against the said Herbert B. Montague has been returned unsatisfied, and it does not appear by said bill of complaint that any execution has been issued upon said judgment and levied upon the land alleged in said bill of complaint to have been conveyed by the said defendant Herbert B. Montague to this defendant, and which said conveyance is sought to be attacked by the said complainant as having been fraudulently executed and for the purpose of hindering, delaying, and defrauding the said complainant."

The bill of complaint was evidently drawn with the intention of including therein the features of a judgment creditors' bill and a bill in aid of execution. It is the contention of the appellant that, as far as the defendants other than herself are concerned, the bill is, no doubt, good as a judgment creditors' bill, but as to her it is neither a judgment creditors' bill nor a bill in aid of execution. It is the settled practice in this State that a bill may be filed for the double pur-

pose of reaching equitable assets and estates and to aid an execution at law. Section 11953, 4 How. Stat. (2d Ed.), and cases cited in notes (1 Comp. Laws, § 436; 3 Comp. Laws 1915, § 12302, subd. 6). The distinction in these two forms of procedure is thus stated in Stace's Michigan Chancery Practice, § 503:

"There are two classes of cases in which a judgment creditor may come into the court of chancery for relief: *First*. In aid of his execution at law, as to set aside an incumbrance or a transfer of property made to defraud creditors. *Second*. To have his judgment paid out of choses in action or other property of the debtor or held in trust for him not liable to execution. Relief is given in these two classes of cases on different principles. In the first class on the ground of fraud; and in the other on the ground that the creditor has exhausted his remedy at law, and that it is inequitable and unjust for the debtor under such circumstances to refuse to apply any choses in action or other property belonging to him or held in trust for him, not liable to execution, to the payment of the judgment."

The bill of complaint alleges a transfer of real estate from the judgment debtor to the appellant with intent to defraud creditors. Under the statute (section 11321, 4 How. Stat. [2d Ed.] [3 Comp. Laws, § 9167; 3 Comp. Laws 1915, § 12897]) such a conveyance is void as to creditors, and the land is subject to execution. The judgment creditors' bill, being a bill which will only reach equitable assets not subject to execution, is therefore not a proper proceeding in this case.

Neither can it be sustained on the theory that it is a bill in aid of execution, because before such remedy can be invoked the execution must have been issued and a levy made upon the property alleged to have been fraudulently conveyed, and the execution must still be in force. In this case it appears from the bill of complaint that no execution was levied upon the

property alleged to have been fraudulently transferred to the appellant. In the recent case of *Schelowski* v. *Pawlowski*, 168 Mich. 664, 667 (134 N. W. 997, 998), it was said:

"No lien is acquired on real estate in Michigan under a judgment until actual levy of an execution. Before a bill in aid of execution can be entertained by a court of chancery to assist in enforcing an execution at law, not only must the execution be issued, but an actual levy made and lien acquired on the property sought. To establish a *prima facie* case, proof of levy is required. Act No. 99, Pub. Acts 1897; *McKibben* v. *Barton*, 1 Mich. 213; *Blish* v. *Collins*, 68 Mich. 542 (36 N. W. 731) ; *Vanderpool* v. *Notley*, 71 Mich. 429 (39 N. W. 574).

" 'Not only must a person become a judgment creditor in order to be in a position to take proceedings to set aside fraudulent conveyances, but this must be followed by the issue of an execution and the levy of it upon the property said to have been so fraudulently conveyed.' *Eames* v. *Manley*, 121 Mich. 300 (80 N. W. 15).' "

The demurrer of appealing defendant should have been sustained, and the order overruling the demurrer is therefore reversed. The case is remanded, granting complainant 15 days in which to file an amended bill if he so desires, with costs to the appellant.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.