Walradt *et al. v.* Brown.

Morris Walradt *et al.*, appellants, *v.* Andrew Brown, appellee.

*Appeal from Kane.*

The word *"creditors,"* in the Statute of Frauds, is not to be taken in its strict technical sense, but applies to all persons who have demands, accounts, interests, or causes of action for which they might recover any debt, damages, penalty, or forfeiture, in actions *ex delicto,* or *ex contractu.*

Trespass *de bonis asportatis,* in the Kane Circuit Court, originally brought by the appellee against the appellants in the De Kalb Circuit Court, and tried at the September term 1842, before the Hon. John D. Caton and a jury. Verdict for the plaintiff for $140. The defendants moved for a new trial, but their motion was overruled, to which they excepted.

At the trial, the counsel for defendants asked the Court to instruct the jury, "that if they found from the evidence that the sale of the property in question from Young to Brown was fraudulent, they would find for the defendants." The instruction was given.

The plaintiff's counsel then requested the Court to instruct the jury, "that though they should find from the testimony, that the sale of the property in question from Young to Brown was fraudulent, yet, if they found no subsisting debt due, at the time of said sale, from said Young to said Bennett, they would find for the plaintiff." This instruction was given, and the defendants excepted thereto.

The defendants then requested the further instruction, "that if the sale of the property in question from Young to Brown was fraudulent, it was void as to subsequent as well as antecedent debts," and it was given.

*B. F. Fridley,* for the appellants.

*O. Peters,* for the appellee:

1. So far as the declarations of plaintiff below are given, they were *res gestæ,* and therefore admissible. They were declarations accompanying an act, a claim of property, and showing the intent.

2. Whether the conveyance were voluntary—fraudulent—or not, it was good between the parties, and they were bound by it. 1 Story's Eq. Jur. 364, § 371; Chitty on Con. 377; *Osborne* v. *Moss*, 7 Johns. 161.

3. To take advantage of the fraud—if there was fraud—the plaintiff in error must show that Bennett was a creditor of Young. The sale, or conveyance, was made after the words were spoken, but before judgment was rendered. Bennett was not a creditor before he recovered his judgment. A *tortfeasor* can, in no sense, be said to be the debtor of another, or that other be his creditor.

Under the statute of 13 Eliz. and similar statutes in the United States, the decisions are conflicting, but the better doctrine seems to be, that these statutes only apply to antecedent, and not to subsequent creditors. *Hinde's Lessee* v. *Longworth*, 6 Peters' Cond. R. 275; *Bradford Bank* v. *Bennett*, 11 Mass. 422.

The rule ought, in no case, to apply to those who have judgments for torts, as then, no credit is given to the property.

Under our statute, none but *creditors* can avoid the conveyance. By statute 13 *Eliz.* "creditors *and others*" may avoid it. See statute 13 *Eliz.* in 3 Bac. Abr. 307, 308.

4. The third instruction so qualified the second, as to make it substantially like that which plaintiffs contend should have been given.

The question of fraud is peculiarly a question for the jury; and the Court will not disturb the verdict for slight cause, especially in an action for a tort.

The Opinion of the Court was delivered by

CATON, J. James Bennett brought suit for slander to the June term 1842, against Zalmon Young, which was tried at the September term 1842, in which the plaintiff had judgment, on which execution was issued, and put into the hands of Walradt, sheriff of De Kalb county, who, by virtue thereof, levied on property alleged to belong to Young, and advertised and sold the same, a part which each of the other defendants purchased. Brown, the plaintiff below, claimed to be the owner, and brought this action for trespass, for the

levy upon and sale of the goods. On the trial at the Circuit, the evidence showed, that between the commencement and trial of the slander suit, the property levied upon was sold by Young to Brown, and there were many very strong circumstances proved, tending to show that that sale was not *bona fide*, but made with the intent to defraud Bennett out of whatever judgment he might recover in his suit for slander against Young. The jury found a verdict for the plaintiff.

At the request of the plaintiff the Court instructed the jury, "that, although they should find the said sale to be fraudulent, yet if they found no subsisting debt due from said Young to said Bennett, they would find for the plaintiff." To this the defendants excepted, and now assign for error.

In deciding on the legality or illegality of this instruction, it is necessary that we should give a construction to our Statute of Frauds. The second section provides in substance, that every sale of property made to defraud *creditors* of their actions, debts, suits, accounts, penalties or forfeitures, or those who shall purchase the same property, shall be from thenceforth deemed and taken *only* as against the person or persons, &c., whose debts, suits, demands, estates interests, by such fraudulent sale, shall or might be in any wise disturbed, hindered, delayed, or defrauded, to be clearly and utterly void. It is insisted that parties having claims or causes of action arising *ex delicto* are not protected by the statute, the word *"creditors"* alone being used; but I am now satisfied from a more careful perusal of this statute, that the word "creditors" here is not used in its strict technical sense, but that it means all parties who have demands, accounts, interests or causes of action for which they might recover any debt, damages, penalty or forfeiture. Such are the interests which, the statute expressly says, shall be protected, and consequently all persons having such interests must be included in the word "creditors." The words "person or persons," used in the latter part of the clause, are broad enough to extend the meaning of the word "creditors," if the intention of the legislature were otherwise doubtful.

It has always been held, that by the provisions of the statute, 13 *Eliz.*, all persons having causes of action, whether

arising from tort or contract, were equally within its provisions. In that statute, the words "creditors and others" are used, and it is insisted that by omitting the words "and others," the legislature intended to exclude all but technical creditors. But I find that those words have been treated as unmeaning and useless by the English Courts, for in 1 Cowper's Rep. 434, Lord Mansfield says: "The former of these statutes (13 *Eliz.*) relates to *creditors only*," so that he, at least, in extending the provisions of this statute to those who had causes of actions, arising *ex delicto*, must have included them within the term "creditors;" although I am aware that in some of the American Courts, at least, resort has been had to the expression "and others," to protect such interests. But these statutes may be considered as rather declaratory of what the common law was, than as establishing a new principle. In the same case the Court said: "The principles and rules of the Common Law, as now universally known and understood, are so strong against fraud in every shape, that the Common Law would have attained every end proposed by the statute of 13 *Eliz.*" It may be, that at the Common Law, persons having no demands at the time, against the fraudulent vendor, and not intended at all to be affected by it, might take advantage of a fraud attempted to be perpetrated on another, who alone had a right to complain; and if so, then to that extent these statutes may be considered as restrictive, but no further. We fully agree with his Lordship when he says, "These statutes cannot receive too liberal a construction, or to be too much extended in suppression of fraud."

I do not think that the third instruction, which was given at the request of the defendant, and which seems to be contradictory to the second, so qualified it as not to mislead the jury.

As this is sufficient to reverse the judgment, and settles the only important question of law arising in the case, it is unnecessary to look into the evidence to see whether it warranted the finding of the jury.

The judgment is reversed with costs, and the cause remanded.

*Judgment reversed.*