ROBINSON PASHBY v. ARCHIBALD MANDIGO, NICHOLAS MAN-
DIGO AND EMMA MANDIGO.

*Deed set aside for being made to evade a prospective liability.*

A surety on a promissory note, the maker of which had become
insolvent, conveyed his land to his son for inadequate consider-
ation and in evident contemplation of being held liable as surety.
The other surety paid the note, sued him for contribution, and
levied on the land conveyed. *Held,* on a bill in aid of execution,
that the deed should be set aside as against the execution levy.

Appeal from St. Joseph. Submitted October 16. De-
cided November 29.·

BILL IN AID OF EXECUTION against certain lands trans-
ferred by Archibald to his son Nicholas Mandigo.
Complainant Pashby and Archibald Mandigo had been
sureties on a note made by the latter's son Robert who
failed. Pashby paid the note and sued his co-surety for
contribution, and having recovered against him for half
the amount of the liability on the note, levied on his
land which Archibald Mandigo had previously conveyed
to Nicholas. Complainant prays that this conveyance
be set aside as void as against his levy. The bill was
dismissed and complainant appeals.

*William Sadler* for complainant.

*H. H. Riley* for defendant. Fraud is a question of
fact and must be proven, *Lasher v. Stafford,* 30 Mich.,
369; *Williams v. Hubbard,* Walk. Ch., 28; and the
grantee must have participated. In this case the grantee
procured the execution of the deed, but it was done to
carry out an agreement to support the grantor, made by
him before the grantor had become liable as surety; see
*Hill v. Bowman,* 35 Mich., 191; *Partelo v. Harris,* 26
Conn., 480; *Fifield v. Gaston,* 12 Ia., 218; *Harrison v.
Trustees of Phillips Academy,* 12 Mass., 456; *Leach v.*

*Francis*, 41 Vt., 670; and the grantee could have maintained a bill for specific performance if the conveyance had not been made, *Twiss v. George*, 33 Mich., 253.

MARSTON, J.    We are of opinion that complainant is entitled to the relief prayed for in this case.    At the time Archibald Mandigo conveyed the premises levied on to his son Nicholas Mandigo, both knew that Robert Mandigo, the principal, would be unable to meet the note when it should fall due, and the effect of such failure upon the conveyance made was talked of between the parties.    There were no such payments made, or responsibilities or obligations assumed by the grantee as would fairly amount to the full value of the land and other property then received by him.    That Archibald Mandigo was liable as a surety on the note of his son Robert, and that a portion of such liability would ultimately fall upon him as such surety was well understood: and while a desire to avoid such liability may not have been the sole reason or only consideration for the conveyance made, yet we think it had a material bearing.    The grantor was, before this conveyance was made, abundantly able to pay his proportion of the indebtedness, but he so disposed of his real and personal property to his son Nicholas that nothing remained.    We are of opinion that such disposition of his property was made to avoid payment of the claim that might and was expected to accrue against him as surety as already mentioned.

The decree below should be reversed with costs, and one entered for complainant in accordance with the prayer in his bill.

The other Justices concurred.