Job Cranson v. John T. Smith and Frances L. Smith.

*Bill in aid of execution must be filed before sale—Purchasers on execution not proper complainants.*

A bill in aid of execution must be filed before the sale of the premises thereon.

A bill to set aside a conveyance made in fraud of creditors is aimed at defendant's legal title to the premises as against his creditors, and not merely at his equitable interest therein.

An execution creditor, after buying in the property, filed a bill to set aside a conveyance which the debtor had made to his wife before the date of the judgment, and of which the complainant had full knowledge. *Held*, that the bill should have been filed before the sale.

Purchasers at an execution sale of the defendant's interests, have no equity to file a bill to set aside a conveyance in fraud of creditors made by him before the date of the judgment.

Appeal from Livingston. Submitted October 18. Decided October 26.

BILL in aid of execution.    Dismissal affirmed.

*S. F. Hubbell* and *H. H. Harmon* for complainants.

*Waddell & Montague* for defendants.

MARSTON, C. J.    The complainant sets forth that he recovered a judgment in the circuit court on the 19th day of February, 1878, against John T. Smith for the sum of $251.49 and costs.    That on the 26th day of June, 1878, execution was duly issued, and that by virtue thereof a levy was made upon " all the right, title and interest of the said John T. Smith" in and to certain described real estate, and the same was sold August 13, 1878, and bid in by the complainant for the sum of $150—he being the highest bidder. That he received a sheriff's certificate, and the lands not being redeemed, a deed thereof, on the 2d day of December, 1879, and that by virtue thereof he became the owner in fee-simple of said lands." The complainant farther sets forth that the defendant John T. Smith, for the purpose of cheating and defrauding his creditors, on or about the 13th day of November, 1875, made a fraudulent and pretended quitclaim deed of said premises to his wife, Frances L. Smith, which said deed was, on or about the 29th day of May, 1876, duly recorded in the register's office in the county where said lands are situate.

The bill in this case was sworn to January 19, 1880, was filed the same month and prays that said pretended deed from John T. to Frances L. Smith may be vacated, set aside and held for naught, and that the defendants be decreed to release to complainant all their claim to the premises, and for other and general relief.    An answer was put in, proofs taken, the case heard thereon and the bill dismissed.    The case comes here upon appeal from the decree of dismissal.

The defendants insist that the bill was filed too late, that the right to levy upon an equitable interest in land depends upon statutes, and that under Comp. L. § 4628, proceedings must have been taken before, or within a year after, the

CRANSON v. SMITH. 191

sale, to settle the rights of the parties in interest. The complainant in reply says that this is a misapprehension of the purpose and object of the bill; that the interest of the defendant sought to be reached is not an equitable, but as between him and his creditors is the legal title, the object being to set aside a deed alleged to be utterly void as to creditors. Thus far the position of counsel for complainant is undoubtedly correct.

It is, however, farther claimed by complainant that while it was competent to have filed a bill in aid of the execution and before the sale, it is equally competent to do it any time afterwards—citing *Cleland v. Taylor* 3 Mich. 201; *Trask v. Green* 9 Mich. 368.

The first was an action of ejectment where the parties stood upon their strict legal rights, and the second was not a case like the present, but was to reach an equitable interest, and the remark made on page 368 that in a case like the present a bill could be filed after sale, was uncalled for.

Here the complainant comes and asks for equitable relief. At the time the levy and sale was made under the execution, complainant, the judgment creditor, had full and ample knowledge of the conveyance from John T. Smith to his wife, the deed having been duly recorded. The complainant did not then, although he had an undoubted right to, file his bill in aid of his execution, and if the conveyance was fraudulent have it set aside, thus restoring and revesting the legal title in his judgment debtor, and thus enable intending purchasers to compete with him at the sale. He preferred to leave the matter not only in doubt as to the fraudulent character of the conveyance, but thereby to prevent any person from bidding against him, as purchasers under the levy made and interest sold could not have moved to have the conveyance declared void. The complainant could not thus acquire the title and then come into a court of equity and ask to have the deed set aside. He is too late and has no standing in this court for such a purpose. He should have filed his bill after the levy and in aid of his

execution, so that a fair sale of the premises could have been had. *Messmore v. Huggard* 46 Mich. 558.

The decree must be affirmed with costs.

The other Justices concurred.