McKINNEY, GILMORE & CO. *et al.*

*v.*

THE FARMERS' NATIONAL BANK OF KEITHSBURG *et al.*

*Filed at Ottawa September 27, 1882.*

1. LIEN—*attachment of property fraudulently conveyed—priority over creditor having fraudulent sale set aside.* Creditors have the right to treat conveyances of their debtors made to hinder, delay or defraud them, as void, and their election to treat them as void is shown by attaching the property so

conveyed, and such attachments, when levied, will become a lien upon the property with the same effect as if no fraudulent conveyances had been made.

2. By the levy of an attachment upon lands which have been fraudulently conveyed, for the debt of the grantor, the attaching creditor acquires a lien which is not disturbed by a decree in chancery setting aside the fraudulent conveyance, and subjecting the property to sale, for the payment of a judgment recovered by another creditor after the levy of the attachment. The levy of the attachment, before the recovery of judgment by the other creditor and the filing of his bill, creates a prior lien on the property.

APPEAL from the Appellate Court for the Second District;— heard in that court on writ of error to the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

Patterson, being the owner of real estate in Knox county, conveyed the same fraudulently for the purpose of delaying and hindering his creditors. Afterwards appellees sued out attachments in suits in Mercer county, brought against Patterson, and caused the writs of attachment to be levied specially upon the lands, as the property of Patterson, thus fraudulently conveyed by Patterson, the defendant. After this, appellants recovered judgment against Patterson in the circuit court of Mercer county, at the March term, 1877, and caused execution to be issued to Knox county, and to be levied upon these same lands, as the property of Patterson, on June 1, 1877, and on July 23 filed their bill in the circuit court of Knox county, against Patterson and his grantees, seeking to have the conveyance by Patterson set aside as made in fraud of creditors, and to subject the lands to sale under their judgments. After this, and at the November term, 1877, appellees recovered judgments in their suits against Patterson, in Mercer county, and on January 9, 1878, sued out special executions to sell these lands in Knox county, on which their attachments had been levied in August, 1876. These special executions were levied March 30, 1878, and the lands advertised for sale.

In July, 1878, Matilda Patterson, one of the grantees of Patterson, filed a bill against appellees, in the circuit court

of Knox county, to enjoin the sale of these lands, and a temporary injunction was granted. Appellees answered, but filed no cross-bill, nor were they made parties to the bill of appellants above.

In October, 1878, by agreement of all the parties, the chancery cases were consolidated, and heard together. On hearing, the conveyances were set aside as fraudulent, and the lands were sold, and the only question presented in this case relates to the alleged priority of the appellants, as creditors, in the fund arising from the sale. The circuit court decreed that the moneys arising from the sale should be distributed among these creditors *pro rata*, according to the amount of their respective judgments, recognizing no priority in appellants. This was affirmed by the Appellate Court, and appellants bring the record here, seeking to reverse that judgment.

Messrs. Pepper & Wilson, for the appellants:

The fraudulent conveyance not being void, but only voidable, there was no estate in the debtor upon which an attachment could become a lien. That could be done only in equity, by a bill to set aside the conveyance. It is the filing of a creditor's bill, and the service of process therein, that can give a lien. Freeman on Judgments, sec. 350; *Boeb* v. *Woodward,* 50 Mo. 101; *Harrison* v. *Kramer,* 3 Iowa, 560; *Edmeston* v. *Ridde, Exr. etc.* 1 Paige, 636; *Corning & Norton* v. *White,* 2 id. 567.; *Lyons et al.* v. *Robbins,* 46 Ill. 277; *Rappleye* v. *International Bank,* 93 id. 397; *Miller* v. *Sperry,* 2 Wall. 237; *Tilford et al.* v. *Burnham et al.* 7 Dana, 110.

Where a man makes a fraudulent conveyance, and dies, he leaves nothing for his heirs, and his administrator can not sell the land so conveyed to pay his debts, though contracted prior to his conveyance. *Choteau* v. *Jones et al.* 11 Ill. 319; *Le Moyne et al.* v. *Quimby et al.* 70 id. 405; *White* v. *Russell et al.* 79 id. 155.

Mr. B. C. Taliaferro, for the appellees:

The levy of an attachment upon land fraudulently conveyed, gives the attaching creditor a lien upon the same, under our statute. *People* v. *Cameron,* 2 Gilm. 468; *Pearson* v. *Ruble,* 3 Scam. 139; *Martin* v. *Dryden,* 1 Gilm. 187; *Pearl* v. *Wellman,* 3 id. 311; *Bruen* v. *Niles,* 16 Ill. 385; *Jones* v. *Jones,* 16 id. 117; *Hall* v. *Gould,* 79 id. 167.

The cases cited are where the creditor had, through a court of equity, sought and discovered property which he had before been unable to discover and seize upon by execution at law, in which case he has a preference over other creditors. In this case appellants waited until the property was discovered by the superior diligence of these attaching creditors, after which they filed their bill to subject it to sale under their executions.

By the levy of an attachment a lien is created, which nothing can destroy but the dissolution of the attachment. Drake on Attachments, 171; *Gould* v. *Steinberg,* 84 Ill. 171; *Hall* v. *Gould,* 79 id. 16; *Warner* v. *Insurance Co.* 16 id. 117; Rev. Stat. 1874, p. 154, sec. 9.

The statute provides that an equitable as well as the legal interest in land can be sold under attachment. Rev. Stat. 1874, chap. 11, sec. 8; *Ferrer* v. *Payne,* 73 Ill. 82; *West* v. *Schnebly,* 54 id. 523.

Mr. Justice Dickey delivered the opinion of the Court:

The statute says such fraudulent conveyances shall be held void as against creditors. Creditors have the right to treat such conveyances as void. The moment appellees levied their attachments specially upon these lands, as the property of Patterson, their election to treat the former conveyances as void was declared, and such attachments became a lien against the lands with the same effect as if the fraudulent conveyances by Patterson had never been made. It

follows that afterwards, when appellants applied to the court of chancery to set aside these conveyances, they did not disturb the prior lien of appellees. The interest of Patterson in this land had been discovered by appellees, and seized long before the filing of the bill of appellants. Appellants surely have no ground to complain of this decree. The appellees have much better grounds for claiming priority than appellants.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*