# Chardavoyne *et al. v.* Galbraith & Co.

*Bill in Equity by Execution Creditor to Subject Personal Property, Fraudulently Conveyed by Debtor.*

1. *When judgment creditor may come into equity.*—A judgment creditor may come into equity to reach and subject a stock of goods bought by the debtor with his own funds, but in the names of his wife and child, and with which he is carrying on business in their names; and the equity of the bill does not depend on the existence of a written conveyance, the necessity for discovery, or the inadequacy of legal remedies.

2. *Interrogatories to bill; how objected to.*—Interrogatories, appended to a bill, though constituting a part thereof, are not the subject of demurrer; but the defendant may protect himself from answering them, by demurring to the part or parts of the bill on which they are based; and if they are impertinent, or not warranted by any statement of the bill, he may move to strike them out, or decline to answer them.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellees, W. B. Galbraith & Co., against the appellants, Wm. V. Chardavoyne and his wife, Lavinia Chardavoyne, and their son, Edward Chardavoyne, and prayed for the removal of the cloud from the title to a stock of goods, created by the alleged fraudulent parol sale of said stock by said Wm. V.

Chardavoyne to his said wife and son, and for the subjection of said stock to the payment of a debt due from said Wm. V. Chardavoyne to complainants, who were execution creditors. The bill alleged that the sale was made without consideration and with the intent to hinder, delay and defraud the complainants, and appended to the bill were a number of interrogatories. These and other material allegations of the bill are stated in the opinion. The defendants demurred to the bill on the following grounds: 1. The allegations of the bill show that the complainants have a plain, adequate and complete remedy at law against said Wm. V. Chardavoyne for the collection of their said judgment against him. 2. There is no allegation in the bill that any fraudulent conveyance or disposition of his property has been made by the debtor, which the bill seeks to annul. 3. The bill fails to seek the discovery of any property belonging to the debtor, Wm. V. Chardavoyne, or held in trust for him. 4. The bill is inconsistent, repugnant and uncertain in that it alleges in one place that the stock of goods and merchandise belongs to Wm. V. Chardavoyne, and in another that it was bought with his money for his wife and son. 5. The bill on its face shows that it is a bill to remove a cloud on the title to property, which it shows is not in the possession of complainants at the time of the filing thereof. The defendants also demurred on various grounds, not necessary to set forth, to the interrogatories appended to the bill. The court rendered a decree overruling the demurrers, and that decree is assigned as error.

W. P. CHITWOOD, for appellant.—1. If the stock of goods belongs to Wm. V. Chardavoyne, as alleged in the bill, the fact that he pretends they belong to his wife and son, would not prevent their being reached by execution at law, and the allegation, that this pretense casts a cloud upon the title, would not justify a resort to equity. The remedy at law is complete.—1 Brick. Dig. 639, § 3 ; 77 Ala. 242, 356 ; 68 *ib.* 192. 2. It is only a party in possession who can come into equity to remove a cloud from the title.—*Shipman v. Furniss*, 69 Ala. 555. 3. The allegations of the bill are not equivalent to the averment of a fraudulent conveyance. *Floyd v. Floyd*, 77 Ala. 353. The bill is not good under either section 3882, 3886 or 3887 of the Code. No conveyance is set up which the court is asked to set aside. The prayer is for a removal of the cloud from the title. 4. The bill is uncertain, inconsistent and repugnant in its allegations, as set up in the 4th ground of demurrer. 5. The interrogatories being objectionable, the defendants might

[Chardavoyne *et al.* v. Galbraith & Co.]

have moved to strike them out; but as they appear on the face of the bill and are a part of it, their defects can be taken advantage of by demurrer.

J. B. MOORE, and JAMES JACKSON, *contra.*— That there was a remedy at law is immaterial.—*Rumph v. Abercrombie*, 12 Ala. 67; *Waddell v. Lanier*, 62 *ib.* 348 : *Flewellen v. Crane*, 58 *ib.* 628 ; 11 *ib.* 988 ; 7 *ib.* 926 ; 1 Sto. Eq., § 60. There is no necessity that a fraud, in order to be cognizable by a court of equity, should be in writing.—2 Ala. 571; 42 *ib.* 171; 1 Brick. Dig. 666, § 320.

CLOPTON, J.—The bill does not purport to be filed under section 3882 of the Code, which authorizes a creditor, when an execution for money has been issued from any court, and is not satisfied, to come into chancery for a discovery of property belonging to the defendant, or held in trust for him ; nor under section 3886, which provides, that a creditor, without a lien, may file a bill in chancery to subject to the payment of his debt property fraudulently transferred, or attempted to be fraudulently conveyed by his debtor. The complainants are creditors with a lien, and invoke the original jurisdiction, which courts of equity possessed, prior to and independent of the statutes, to entertain suits in aid of creditors, who had proceeded to judgment and execution, without obtaining satisfaction, and their debtors have interposed conveyances or transfers, which wrongfully offend their rights. Divesting the bill of redundant allegations, and averments of evidential facts, it substantially alleges, that complainants in 1881 obtained a judgment against the defendant, W. V. Chardavoyne, for twelve hundred and five 57-100 dollars, on which three successive executions have been issued, and returned "no property found," and that another execution issued thereon was in the hands of the sheriff at the time of the filing of the bill. It further alleges, that soon after the rendition of the judgment, the debtor purchased, with funds belonging to him, a large stock of goods and merchandise, and has continued so to purchase goods, which he has fraudulently transferred to his wife and son, without consideration, in whose names he is carrying on a mercantile business. The truth of the allegations of the bill being assumed, the case made is that of a creditor, who having established his claim at law, and having an execution in the hands of an officer, which operates a lien, invokes the aid of the court to remove an impediment to its availability, caused by the alleged fraudulent transfer of his debtor's property to his wife and

[Chardavoyne *et al.* v. Galbraith & Co.]

son after the rendition of the judgment. The bill sufficiently alleges a voluntary transfer made with the intent to defraud complainants, who are antecedent and existing creditors.

The jurisdiction in such case does not depend on the necessity for a discovery; nor is a particular *written* conveyance or transfer, which the court must be asked to annul, essential, unless a written instrument is requisite to pass the legal title. The property being visible, tangible, and capable of seizure under execution, a discovery is unnecessary; and a fraudulent parol sale or gift of personal property, consummated by delivery, is as effective to embarrass the enforcement of the lien of the execution as if evidenced by writing; and may, because resting in parol, and consequent uncertainty, serve to increase the necessity for its removal. Neither does the jurisdiction depend on the want of an adequate legal remedy. Courts of law and courts of equity, have, in such cases, concurrent jurisdiction. The creditor may proceed to levy and sale under the execution, at law, or he may resort to equity to remove the obstruction interposed by the fraudulent transfer or disposition of the property. Unlike the case of a creditor, who is seeking to reach equitable assets, or property, which cannot be taken under execution by reason of the state of the title, the complainants are not required to show that they have exhausted their legal remedies by the return of execution *no property found.* The court of equity interposes, not to establish the claim, but to enforce a lien, already acquired, in support or furtherance of the remedy at law. The statutes do not operate to abrogate or repeal, but to enlarge, the original jurisdiction.—*Lehman v. Meyer*, 67 Ala. 396.

Under our rules, interrogatories appended to a bill are incorporated in, and become a part thereof; but do not properly constitute, separate from the stating part of the bill, the subject of demurrer. The defendant may protect himself against answering special interrogatories by demurring to the part or parts of the bill on which they are based; but when interrogatories are impertinent or not warranted by any statement of the bill, he may move to strike out, or decline to answer.

There was no error in overruling the demurrer.

Affirmed.