CATHARINE C. McKENNA *vs.* JAMES T. CROWLEY *et al.*

A., a judgment creditor of B., by a judgment rendered in an action of tort, levied execution on certain realty of which B. had made a voluntary conveyance after the action was begun. A. then filed a bill in equity to set aside the conveyance, charging it to have been made without consideration and in order to hinder and delay A. in collecting judgment, and to have transferred all the estate of B. out of which the judgment could be paid.

On demurrer to the bill:

*Held*, that the conveyance was within the R. I. Statute of Fraudulent Conveyances, Pub. Stat. R. I. cap. 173, § 1.

*Held*, further, that to maintain the bill it was not necessary for A. to have the execution returned unsatisfied.

When a creditor aims at some equitable estate not subject to legal execution, he must have an execution returned *nulla bona* before resorting to equitable procedure.

But when a creditor seeks to remove a fraudulent incumbrance out of the way of his execution, he may file his bill as soon as he obtains a judgment and execution levy, if a levy is necessary to establish a lien in his favor.

In the case at bar the equitable jurisdiction is invoked in aid of the action at law, and depends on the levy of the execution which gives a lien, not on the return of the execution unsatisfied.

BILL IN EQUITY to set aside a deed of realty.  On demurrer to the bill.

*December* 6, 1888.  DURFEE, C. J.  The bill sets forth that September 21, A. D. 1888, the complainant recovered judgment against the defendant, James T. Crowley, for $4,000 in an action on the case for the seduction of her daughter, commenced in the Court of Common Pleas, February 17, A. D. 1888, at which last mentioned date said Crowley was the owner of and interested in certain parcels of real estate described, but defectively described, in the bill, and had no other property wherewith to satisfy said judgment.  That February 23, A. D. 1888, he conveyed the same to his mother, the defendant, Bridget Crowley, the conveyance being without consideration, and made for the purpose of hindering and delaying the complainant in the collection of any judgment which she might recover in the action, and for the purpose of preventing the collection of the judgment rendered therein.  The bill also sets forth that the complainant took out execution on her said judgment and levied it on said real estate October 31, A. D. 1888. The prayer of the bill is, that said conveyance may be declared to be as against the complainant fraudulent and void and for general relief.  The defendants demur generally to the bill for want of equity.

The defendants contend that the bill is bad because it does not show that execution has been taken out on the judgment and returned unsatisfied. We do not think such a return was necessary. "Where a creditor seeks to satisfy his debt out of some equitable estate of the defendant," say the court in *Miller et al.* v. *Davidson,* 8 Ill. 518, 522, "which is not liable to a levy and sale under an execution at law, there he must exhaust his remedy at law by obtaining judgment and getting an execution returned *nulla bona,* before he can come into a court of equity for the purpose of reaching the equitable estate of the defendant; and this is necessary to give the court jurisdiction, for otherwise it does not appear but that the party has a complete remedy at law, that is what may be strictly termed a creditor's bill. There is another sort of creditor's bill very nearly allied to this, yet where the plaintiff is not bound to go quite so far before he comes into this court, and that is where he seeks to remove a fraudulent incumbrance out of the way of his execution; then he may file his bill as soon as he obtains his judgment," or, we may add, as soon as he obtains his judgment and levy, when a levy is necessary to establish a lien in his favor. In such a case equity is resorted to in aid of the law, to enable the creditor to sell the property to better advantage, and see to the same effect, *Fleming* v. *Grafton,* 54 Miss. 79. The distinction pointed out may have been occasionally overlooked, but allowing for such inadvertences and for the statutory differences of the different states, it is supported by the strong preponderance of authority. *Dodge* v. *Griswold,* 8 N. H. 425; *Stone* v. *Anderson,* 26 N. H. 506; *Planters and Merchants Bank* v. *Walker et al.* 7 Ala. 926, 946; *Newman et al.* v. *Willetts,* 52 Ill. 98; *McKinney et al.* v. *Farmers National Bank et al.* 104 Ill. 180; *Zoll* v. *Soper,* 75 Mo. 460; *Webster* v. *Clark,* 25 Me. 313; *Pursell* v. *Armstrong,* 37 Mich. 326; *Pashby* v. *Mandigo,* 42 Mich. 172; *McElwain* v. *Willis,* 9 Wend. 548, 561; *Buswell* v. *Lincks,* 8 Daly, 518, 527; *Morgan* v. *Bogue,* 7 Neb. 429; *Cornell* v. *Reading,* 22 Wisc. 260; *Jones* v. *Green,* 1 Wall. 330, 332. The case at bar is within this class of cases. Under our law real and personal property are alike primarily subject to levy. The complainant has levied on real estate in which she claims that the execution debtor, as between her and him, retains his interest, the

conveyance to his mother being fraudulent. She might have had the interest sold under the levy without coming into equity ; but she comes in furtherance of her legal right, because the interest will sell better when the cloud created by the conveyance is cleared away. The jurisdiction is auxiliary, and it is the levy of the execution giving a lien, not its return unsatisfied, which is the prerequisite to it. We think the court has exercised the jurisdiction in previous cases which are unreported, its right to do so being unquestioned.

The defendants contend that the bill does not set forth a case of fraudulent alienation under the statute of fraudulent conveyances. The bill does not use all the redundant phraseology of the statute, and it is not necessary that it should. It alleges that the conveyance was made without consideration for the purpose of hindering and delaying the complainant in the collection of her judgment, and such a conveyance is fraudulent within the statute. It was not necessary that the grantee, the conveyance being voluntary, should actually participate with the grantor in his purpose or be privy to it. Wait on Fraudulent Conveyances, §§ 200, 201 ; *Laughton* v. *Haxden*, 68 Me. 208, 213 ; *Marden* v. *Babcock*, 2 Met. 99, 104 ; *Mohawk Bank* v. *Atwater*, 2 Paige, 54 ; *Woody* v. *Dean*, 24 S. Car. 499, 505. Nor is it necessary that the complainant should have been a creditor in the stricter sense when the conveyance was made. The English statute, 13 Eliz. cap. 5, and the statutes of many of the states, make the conveyances void as against " creditors *and others*," and it has often been held that sufferers from torts committed by the grantors are within their protection. The statutes of Illinois and Tennessee, like the statute of our State, omit the words " *and others*," but nevertheless have been held to extend to persons entitled to damages for torts, the word " creditors " being broadly construed in furtherance of the remedial purpose of the statute as evinced by other words. *Walradt et al.* v. *Brown*, 6 Ill. 397 ; *Farnsworth* v. *Bell*, 5 Sneed, Tenn. 531 ; *Patrick, Adm'r*, v. *Ford*, 5 Sneed, Tenn. 532, note. Our statute makes void all conveyances made to the intent " to delay, hinder, or defraud creditors of their just and lawful actions, debts, suits, accounts, *damages*, or *just demands of what nature soever*," and we think was meant to be comprehensive enough to

extend to claimants *ex delicto*. Indeed, after judgment such a claimant becomes a creditor in the more technical sense, and the bill here charges an intent to hinder, delay, and prevent the collection of the judgment when recovered.

The Supreme Court of Connecticut decided in *Fox* v. *Hills*, 1 Conn. 295, that a voluntary conveyance to defeat the claims of a third person arising from a tort is void at common law, though not invalidated by the statute of that State.

*Demurrer overruled.*

*John M. Brennan & Christopher E. Champlin*, for complainant.
*Marquis D. L. Mowry*, for respondents.