BENJAMIN WOLF AND DAVID WOLF v. WILLIAM O'CONNER.[1]

*Assignment for benefit of creditors—Execution—Bill in equity.*

1. A deed executed prior to the passage of the statute regulating the making of assignments for the benefit of creditors, which purports to convey *all* of the grantor's property to the grantees in trust for the use and benefit of his creditors (with preferences) and which is signed and acknowledged by the grantor and grantees and placed upon record in the proper office, is *upon its face* a valid conveyance of all the grantor's property for the uses therein stated.

2. Joining in such a deed, and placing it upon record after the execution was completed, is conclusive of acceptance by the grantees; citing *Bank v. Mosser,* 57 Mich. 389.

3. In such a case a creditor obtained a judgment against the assignor after the making and acceptance of the assignment deed, and levied upon a portion of the assigned land, which was sold without filing a bill in aid of execution. As a *matter of fact* the assignees never acted under or attempted to exe-

---

[1] A rehearing was ordered in this case at the October term, 1890, and the case was reargued at the January term, 1891, but not decided.

cute the trust, and some years after the execution sale they executed a quitclaim deed to the assignor of the land, who conveyed it by warranty deed. And in a suit in equity brought against the grantee in said warranty deed, in which the complainant claimed title to the land through the execution sale and attacked the assignment deed as fraudulent and void, it is held that the legal title passed to the assignees under the assignment deed, and was vested in them at the time of the execution sale, under which the purchaser acquired, at the most, only the interest of the assignor at the time of the levy, and that he could not sell the land in the face of such assignment deed, and purchase it on such sale, and then seek in equity to set aside the assignment deed as fraudulent as to creditors, or because of the failure of the assignees to execute the trust for the creditors generally.[1]

Appeal from Osceola. (Judkins, J.) Argued June 11, 1890. Decided July 2, 1890.

Bill to quiet title. Defendant appeals. Decree reversed, and bill dismissed. The facts are stated in the opinion.

*G. A. Wolf* (*C. H. Rose*, of counsel), for complainants, contended:

1. The testimony was taken in open court, and the finding that the alleged assignment was never acted upon and never operative will not be disturbed on appeal; citing *Green v. Langdon*, 28 Mich. 221.

2. Defendant claims that acceptance of the trust is conclusively shown by the assignees' joining in the assignment, and cites *Bank v. Mosser*, 57 Mich. 386; but this case arose under our statute regulating common-law assignments, and there had been an acceptance of the trust *in fact* in that case, while in the case at bar the assignment was made before any statute existed on the subject, and it is an assignment with preferences, which was always looked upon with disfavor by the courts.

3. The rule at common law is that there must be an acceptance of the trust, which will be presumed, but which presumption is liable to be rebutted; citing Burr. Assts. § 265; Bump, Fraud. Conv. (3d ed.) 347; *Pierson v. Manning*, 2 Mich. 445, 462; *Ryerson v. Eldred*, 18 Id. 12; *Metcalf v. Van Brunt*, 37 Barb. 621.

[1] See *Edsell v. Nevins*, 80 Mich. 146; *Marshall v. Blass*, 82 Id. 518.

4. The assignment prefers creditors according to a schedule referred to, and at the close states that the schedules of property and of creditors will be fully completed and attached as "*soon as the same can be done*," but the copy of the assignment offered in evidence shows no schedule of creditors, which will not be presumed to have been attached, for if so it would have been recorded under How. Stat. § 5676, which makes it the duty of the register of deeds to record the instrument at full length; and if the assignment substantially reserves the right to name the preferred creditors in the future, it is void; citing *Averill v. Loucks*, 6 Barb. 470; Bump, Fraud. Conv. 382.

5. The responsibility of the assignees is limited in the assignment, they being declared to be severally charged with their receipts, payments, acts, and willful defaults, etc., and not otherwise, while at common law the assignment is void unless the assignee is held responsible for the faithful performance of his duties to the full extent of the liability that the law imposes; citing Bump, Fraud. Conv. 422; Wait, Fraud. Conv. § 334; and the weight of authority is in favor of the proposition that such limitations render the assignment void on its face; citing *De Wolf v. Manfg. Co.*, 49 Conn. 282; *Royall's Adm'r v. McKenzie*, 25 Ala. 363.

6. It is a sufficient answer to the claim that the bill should have been filed before the execution sale, that the law prior to 1867 did not require the filing of a bill; citing *Cleland v. Taylor*, 3 Mich. 201; *Trask v. Green*, 9 Id. 368; *Jenison v. Rankin*, 57 Id. 49, 52; but the purchaser could bring ejectment or file a bill; citing Bump, Fraud. Conv. 546; Wait, Fraud. Conv. § 126.

*Russell C. Ostrander*, for defendant, contended for the doctrine stated in the opinion as to the validity of the deed and the necessity for filing a bill in aid of execution.

LONG, J. The bill is filed in this cause to quiet the title to certain lands in Osceola county.

The bill avers that complainants are in possession, and have the original or government title, and also have certain tax titles, and that certain conveyances to the defendant, and claims made by him, cloud the title. On the hearing in the court below the tax titles asserted by each party were admitted to be void, and the only controversy here arises under the original title.

All of the lands in question were patented by the United States to Dennis Robinson under two patents, dated, respectively, November 8 and December 15, 1855. October 5, 1857, Dennis Robinson made a deed of assignment conveying these and other lands, and all his property, real and personal, the lands being specifically described, to Nelson Robinson and George H. White, of Grand Rapids, and Robert R. Robinson, of Newaygo county, this State, in trust for the benefit of creditors. This assignment was signed and acknowledged by all the parties, and witnessed, and was recorded October 6, 1857.

On March 24, 1859, August Washman recovered a judgment against Dennis Robinson for $683.16 and costs in the circuit court for Newaygo county. March 23, 1859, Mr. Washman sold and assigned in writing this judgment and claim against Dennis Robinson to William S. Utley, who was then the clerk of that court. August 12, 1859, Utley issued an execution to the sheriff of Newaygo county to collect the Washman judgment. This execution was returned and filed November 1, 1859, by Utley. December 8, 1859, Utley issued another execution to the sheriff of Mecosta county, Osceola county forming a part of Mecosta county at that time. By virtue of this execution the sheriff of Mecosta county levied upon the lands in question and other lands. The execution on March 10, 1860, was returned satisfied in full by sale of these lands. Mr. Utley bought in the lands in question under this execution sale. August 28, 1871, Utley conveyed the lands to Delos A. Blodgett and James Kennedy, by deed of quitclaim, for a consideration of $500; and on June 3, 1874, Blodgett purchased Kennedy's interest therein, taking a quitclaim deed. September 1, 1883, the complainants, Benjamin and David Wolf, purchased the lands from Blodgett, taking a warranty deed; the consideration being named as $500.

The defendant claims under the following chain of title:

1. The assignment from Dennis Robinson to Nelson Robinson, Robert R. Robinson, and George H. White, dated October 5, 1857.

2. Deed of warranty from Dennis Robinson to defendant, dated December 23, 1887, consideration one dollar, conveying a one-half interest in these and other lands, subject to taxes and tax titles.

3. Deed of quitclaim from Robert R. Robinson and George H. White, trustees, etc., dated January 28, 1888, to Dennis Robinson, consideration therein of one dollar; Mr. Nelson Robinson, the other assignee, having died before that date.

4. Warranty deed from Dennis Robinson to defendant, conveying all the lands, dated March 4, 1889, for a consideration therein expressed of $50.

About the time of the filing of the bill in the present case, two other bills were filed against the defendant, one by Henry O. Bevier and the other by William F. Seely. These other two cases presented by these bills were heard in the court below at the same time with the present case, and the evidence, under stipulation of counsel, was to be treated as taken in all the cases. Decrees were entered in the court below granting the prayers of the bills, and declaring the trust-deed void, and a cloud upon the title of the several complainants; the other complainants having derived their titles also through the execution sale to Utley. The tax deeds held by defendant were also declared void. The decrees provided that the defendant should release to the several complainants his claims to said premises, and, in default, that the decrees stand in lieu of such conveyances, and be recorded for such purpose. From these decrees the defendant appealed, and all three cases are heard as one in this Court. The whole question hinges upon the validity of this trust-deed, as it appears that none of the complainants, except possibly

83 MICH.—20.

Mr. Bevier, has been in actual possession and occupancy the time required by the statute to settle his title by adverse possession.

It is the claim of the complainants—

1. That the trust-deed was never accepted, and that the assignment was never acted upon by the parties, and was never operative.

2. That the instrument is void upon its face.

The testimony was taken in open court, and the court below found with the complainants upon these two propositions. These facts are controverted by the defendant. Defendant's contention is—

1. That the complainants cannot assert in a court of equity the title procured through the execution sale.

2. That the trust-deed conveyed the estate and title to the trustees, and it was so vested in the trustees at the time of the levy and sale under the execution.

3. That, the title being reconveyed to Dennis Robinson by the trustees, the defendant procured an absolute title to the premises under his deeds.

The complainants fail to point out the reason for their assertion that the deed of assignment is void on its face. It purported to convey the whole of the property of the assignor for the use and benefit of his creditors. It was executed prior to our statute regulating the manner of making and executing assignments for the benefit of creditors. It was signed and acknowledged by the assignor, as well as the assignees, and placed upon record in the office of the register of deeds of the county of Newaygo, where the assignor and one of the assignees resided. Upon its face, it was not void, but a valid conveyance of all the property of Dennis Robinson to Nelson Robinson, Robert R. Robinson, and George A. White for the benefit of the creditors of the assignor. At the time of its execution, it appears that Washman, under and through

whose judgment the complainants now claim to hold the property, was a creditor of Dennis Robinson, and, after the execution of the trust-deed, those claiming under his judgment called upon the assignees for payment of the claim. Neither Washman, Utley, nor any other of the creditors, appear to have moved to set the deed of conveyance aside, but, after the lapse of two years and more from the time the deed was recorded, and while the title of record stood in the trustees, levied upon and sold the land under an execution directed against the assignor.

There is an abundance of evidence contained in the record showing that the assignees never acted, or attempted to execute the trust. It appears that, after the deed of assignment was recorded, the assignor continued to control the personal property assigned, of which there was about $2,000, consisting of horses, wagons, harnesses, and lumbering outfits, etc.; that it was disposed of by some one, or spirited away, and no creditor was ever paid a dollar, so far as here shown. It also appears that the assignor afterwards gave deeds of conveyance of a portion of the lands described in the deed of assignment, and did other acts showing that he still claimed an interest in and control over the property. It also appears that certain of the creditors called upon the assignees, or some of them, and demanded payment of their claims, and that they denied any interest in the property, and stated expressly that they never had anything to do with it, and should not, so far as the execution of the trust was concerned.

The legal title to these lands, however, conveyed by the trust-deed, remained in the assignees, and the survivors of them, until the execution of the deed of quitclaim of January 28, 1888, by White and Robert R. Robinson, the surviving assignees, to Dennis Robinson; so that, at the time of the levy and sale of the lands under the Utley

execution, the legal title stood in the assignees, and not in Dennis Robinson. Washman and Utley had notice by the record of this deed that the legal title had gone out of Dennis Robinson, and the testimony shows that they had actual notice of that fact; yet they levied upon and sold the land as the property of Dennis Robinson, without any proceeding for the enforcement of the trust, or to set it aside as fraudulent. Utley then stood in the position of a purchaser under execution sale of whatever interest Dennis Robinson had in the premises at the time of the levy. As we have seen, he at that time did not have the legal title; and, whatever the attitude of Dennis Robinson or of the assignees towards the property may have been thereafter, or the refual of the assignees to act under and carry out the terms of the trust, would not operate to reconvey the title to the realty to Dennis Robinson. The creditors have the right to its enforcement, as the assignees had accepted the trust in writing, acknowledged its execution, and placed the same of record.

It was held in *Commercial Nat'l Bank v. Mosser*, 57 Mich. 389 (24 N. W. Rep. 116), that the assignees joining in the assignment, and putting it upon record after the execution was completed, is conclusive of acceptance. This principle is conceded by counsel for complainants, but it is claimed that the facts above set forth show more conclusively that they never did accept the trust, and never acted under it.

The acceptance, however, was in writing, duly acknowledged and recorded; and Washman and Utley not only had constructive, but actual, notice of the transfer of the legal title. The complainants here stand in no better position than Washman and Utley. Whatever rights Utley acquired under the execution sale, these complainants have,—no less and no more,—except such as might

be given by continued occupancy. If Dennis Robinson had equitable interests in the premises which might have been reached at that time by Washman or Utley as creditors, no proceedings were instituted for that purpose; but they proceeded at that time, and are now proceeding, upon the theory that the legal title was in Dennis Robinson at the time of the execution levy and sale. In this the complainants are in error. The legal title at that time was in the assignees. If Utley had any remedy at the time of the levy, it was by bill in aid of his execution. He could not go on with the sale in the face of this deed, purchase in under the execution sale, and then come into court and ask to have the deed set aside as fraudulent as to creditors, or for the reason that the assignees were not proceeding to execute the trust for the creditors generally. *Cranson v. Smith*, 47 Mich. 189 (10 N. W. Rep. 194); *Messmore v. Huggard*, 46 Id. 558 (9 N. W. Rep. 853). The other creditors had rights and interests in the premises which were to be protected under the assignment, and at that time could have insisted upon the performance of the trust by the assignees. But, however this may be, no legal title was acquired to the premises by the sale under the execution to Utley; and the complainants have, under the proofs contained in this record, no standing in court to insist upon the right to have these deeds set aside. In so far as the complainant Bevier is concerned, it may be added that the proofs do not show any such continued occupancy as would entitle him to the relief sought.

We do not desire, however, to be understood as holding the title of the defendant as one of an estate absolute in fee in him. He purchased for a nominal consideration, and with actual notice of the rights of the creditors of Dennis Robinson in all these lands. He must, therefore,

be treated as holding for their use and benefit; they having the right to the enforcement of the trust.

The decree of the court below must be set aside, and decree entered here dismissing the bills of complaint, with costs of both courts to defendant.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred. CAHILL, J., did not sit.