101  397
110  655

ROBERT T. GIBBONS, RECEIVER OF THE CITY NATIONAL BANK OF GREENVILLE, MICHIGAN, v. CHENEY O. PEMBERTON ET AL.

*Fraudulent conveyances—Bill in aid of execution—Pleading.*

1. A bill filed in aid of execution, which alleges that the judgment debtor executed a deed for a pretended consideration of $1,500, by which he pretended to convey the land levied upon to his sons, if not demurred to, sufficiently states the ownership of the land by the debtor at the time of the conveyance.

2. A father conveyed certain land to his sons, after which one of

his creditors attached the land, and, after obtaining a judgment, filed a bill in aid of an execution issued thereon. And it is held that an objection that the bill is defective in failing to allege the insolvency of the judgment debtor is untenable; that it was not necessary that an execution should have been returned *nulla bona* before filing the bill; that the attached property is subject to the attachment lien; that the sole question in such cases is whether the transfer by the judgment debtor of the identical property, whether real or personal, was in fraud of creditors; that, if the attachment is not dissolved, the lien is good as against the debtor, and it makes no difference how much other property he may own; that his vendees alone can contest the title.

Appeal from Mecosta. (Palmer, J.) Submitted on briefs June 27, 1894. Decided July 5, 1894.

Bill in aid of execution. Complainant appeals. Decree reversed, and one entered in this Court for complainant. The facts are stated in the opinion.

*Fletcher & Wanty,* for complainant.

*Frank Dumon,* for defendants.

GRANT, J. In November, 1891, the defendant Cheney O. Pemberton was indebted to the City National Bank of Greenville in the sum of $1,200. The officers of the bank were pressing him for payment. He asked further time, which they refused to grant. On the 23d day of that month he conveyed to the codefendants, his sons, the land in controversy. March 12, 1892, the bank commenced suit by attachment, and levied upon the land. Judgment was rendered July 7, execution duly issued and levied, and the complainant then filed this bill in aid of the execution, charging that the conveyance was made without consideration, and to defraud creditors. Proofs were taken before a circuit court commissioner, reported to the court, and the bill dismissed. No reason is given by the court for its decree of dismissal. The points insisted on by the

defendants are (1) that the bill does not allege that Cheney O. Pemberton had any interest in the land at the time of the conveyance; (2) that it does not allege that Mr. Pemberton was insolvent; and (3) that the conveyance was not fraudulent.

1. The first point, if valid, should have been raised by demurrer. It is true that the bill does not expressly allege that the judgment debtor was the owner of the premises, but it does allege that he executed a deed for a pretended consideration of $1,500, by which he pretended to convey the land to his sons. In the absence of a demurrer the allegation was sufficient.

2. It was not necessary to allege the insolvency of the judgment debtor, or to have an execution returned *nulla bona*. The attached property, whether real or personal, is subject to the attachment lien; and the sole question in such cases is whether the transfer by the debtor of the identical property, whether real or personal, was in fraud of creditors. If the attachment is not dissolved the lien is good, as against the debtor, and it makes no difference how much other property he may own. His vendees alone can contest the title.

3. The loan to Mr. Pemberton was made upon the faith of his representation that he was the owner of this land. Mr. Cheney O. Pemberton was examined as a witness for the complainant. We think the fact is clearly established by his testimony that the deed was without consideration, and made for the express purpose of avoiding the payment of the complainant's claim. He does not show that he owned, or had an interest in, any other property, except 160 acres of land, in which he had no interest other than as security for signing notes and a bond for another party. November 12, 1891, he wrote to Mr. Moore, the president of the bank, saying that two attachments had been placed upon this land, and asking a renewal of the notes for 90

days. The deed in question was made shortly after the refusal of the bank to make the renewal. Mr. Pemberton testified that when he sold he got promises, but no money; that he took his sons' check for $1,500, and lent it back to them within a week or 10 days, and was not positive that he did not give it back to them the same day; that he did not think his sons kept a joint bank account. When asked to produce the check he promptly refused. He said that $600 of the amount was paid by one of his sons the day he gave his testimony, which was May 15, 1893, and that each of his sons had paid him $750. Only $200, if any, was paid before the attachment. Neither of his sons was a witness. If they were *bona fide* purchasers, it was in their power to place the *bona fides* of the transaction beyond question. Had they paid $1,500, it is impossible to believe that they would not have furnished the proof. We cannot avoid the conclusion that the transfer was fraudulent.

Decree reversed, and entered here for the complainant, with costs of both courts.

The other Justices concurred.