HODGE *v.* GRAY.

BILL IN AID OF EXECUTION—SUFFICIENCY—JOINT DEBTORS—PARTIES.

A bill in aid of execution, seeking to set aside a mortgage given by one of several joint judgment debtors on land belonging to him alone, need not allege that complainant has exhausted his remedy at law against the other debtors, or that they are insolvent; nor are the latter necessary parties to the bill.

Appeal from Macomb; Eldredge, J. Submitted October 9, 1896. Decided November 17, 1896.

Bill in aid of execution by Timothy L. Hodge against William M. Gray and others. From an order overruling his demurrer to the bill, defendant William M. Gray appeals. Affirmed.

Defendant William M. Gray appeals from a decree of the circuit court for the county of Macomb, in chancery, overruling his demurrer to the bill of complaint. The bill alleges that complainant, on April 14, 1894, recovered a judgment against Mr. Gray and Henry N. Botsford and William Botsford, and refers to the record of said judgment; that, prior to the rendering of said judgment, Mr. Gray owned in fee simple the real estate described in the bill; that on April 26, 1894, complainant caused a *fi. fa.* to be issued and levy to be made upon this land to satisfy said judgment; that said judgment remains wholly unpaid and unsatisfied; that Gray is insolvent; that he executed certain mortgages upon this land for the purpose of defrauding the complainant, and preventing him from realizing on his debt against Gray; that these mortgages were executed to his wife, the defendant Isabella Gray, without consideration; that she fraudulently assigned one of them to

the defendants James and William Fogo; and that said assignment was fraudulent, and made for the express purpose of obstructing complainant's levy. The prayer of the bill is that the mortgage and assignment thereof may be set aside and annulled, and that certain fore-closure proceedings be also set aside and annulled.

*Byron R. Erskine* (*Dwight N. Lowell,* of counsel), for complainant.

*T. M. Crocker* (*John L. Starkweather,* of counsel), for appellant.

GRANT, J. (*after stating the facts*). The bill is one in aid of an execution. The demurrer is general. Two objections to the bill are claimed: *First,* that it does not show that complainant has exhausted his remedy at law, in that he has not proceeded against the Botsfords, or shown that they are insolvent; *second,* that the Botsfords should be made parties to the suit. The objections are not tenable. The levy is upon the land claimed to belong to Mr. Gray. A fraudulent incumbrance upon it is an obstruction to complainant's levy, which he asks to have removed. In this issue the other defendants to the judgment at law are not interested, and therefore need not be made parties. Neither is it necessary to allege insolvency of any of the defendants, nor to show that he has exhausted his remedy against them. The rule which obtains in judgment creditors' bills does not obtain in bills in aid of execution. *First Nat. Bank* v. *Tyler,* 55 Mich. 297; *Gibbons* v. *Pemberton,* 101 Mich. 397 (45 Am. St. Rep. 417). Further citation of authorities is unnecessary.

The decree is affirmed, with costs.

The other Justices concurred.