### BARBER v. McMICKING.

1. EQUITY—DEMURRER—EFFECT—PLEADING.
The defendant's demurrer to a bill in aid of execution admits
the facts charged in the bill.

2. SAME—CREDITOR'S SUITS—BILL IN AID OF EXECUTION.
A bill in aid of execution lies to relieve shares of stock
levied upon by complainant from a claim arising out of a
transfer in fraud of creditors; relief is not confined to
executions against real estate.

3. SAME—EXECUTION—DEBTOR AND CREDITOR.
Notwithstanding section 436, 1 Comp. Laws, affecting exe-
cutions against property of a debtor that have been re-
turned unsatisfied and authorizing a discovery, etc., a
complainant who levied on corporate stock standing in the
name of the judgment debtor could file a bill in aid of
execution when the debtor disclaimed ownership, but de-
clined to say who held the stock, serving a notice to that
effect on the complainant as he was about to sell the prop-
erty upon execution sale.

4. SAME—BILL IN AID OF EXECUTION.
It is not essential to the jurisdiction of the court of equity
that the complainant should sell the property levied on be-
fore applying for the remedy in aid of execution.

5. SAME—EXECUTION SALE—CREDITORS' SUITS.
After securing a lien by execution levy, if a fraudulent ob-
struction has been interposed to prevent carrying out the
sale, the creditor may apply to chancery for a discovery
and to remove the obstruction.

Appeal from Wayne; Shepherd, J., presiding. Sub-
mitted October 18, 1915. (Docket No. 139.) Decided
December 21, 1915.

Bill by William W. Barber and others against Rob-
ert L. McMicking and others in aid of an execution at
law. From a decree overruling a demurrer to the bill
of complaint, defendant appeals. Affirmed.

*William G. Fitzpatrick* and *Joseph F. Kropidlowski*
(*M. Hubert O'Brien,* of counsel), for complainants.

*Prentis & Mulford,* for defendants.

STEERE, J.   Defendants appealed from an order of
the Wayne county circuit court in chancery, overruling
their demurrer to complainants' bill filed in aid of exe-
cution, which also asks discovery and injunctive re-
straint.

The essential substance of complainants' somewhat
lengthy bill material to an understanding of the issue
raised is as follows:   On April 22, 1912, complainants
recovered a judgment in the Wayne county circuit
court against defendant Robert L. McMicking and R.
S. Dodds, indorsers of notes given by the Norris Laun-
dry Company, a defunct corporation, for $5,576.23
damages, with costs taxed at $22.90.   On May 5, 1913,
for the purpose of collecting such judgment, they
caused a writ of execution to be issued and put in the
hands of the sheriff of Wayne county who, on the 22d
of May, 1913, levied under said execution upon 1,001
shares of stock in the defendant Standard Laundry
Company, a corporation doing business in the city of
Detroit, which stock at the time of the levy was owned
by and stood in the name of defendant McMicking, as
appears upon the records of said company and as
shown by a certificate obtained from Mr. Henry, secre-
tary and treasurer of said Standard Laundry Com-
pany; but said Henry notified the sheriff when such
levy was made that said shares of stock had previously
been assigned to some third party, refusing, however,
to disclose to whom or at what time such assignment
was made.   On June 2, 1913, the sheriff gave legal no-
tice, and duly advertised that said shares of stock
would be sold, on June 6, 1913, under the levy which
he had made, at the Congress street entrance of the
Wayne county building in the city of Detroit.   At the

time and place for which said sale was noticed the sheriff publicly offered the shares of stock for sale, and, no bidders being present, the sale was regularly adjourned to the 26th of June, 1913, at the same time and place, notice of which adjournment was duly published in the manner provided by law, and on the 26th of June, 1913, the sale was again so adjourned for want of bidders to July 7, 1913, on which day, at the time and place appointed for the sale, the sheriff was served with a written notice, signed by defendant Robert L. McMicking, in which he disclaimed and denied ownership and title, then or at any time, to said shares of stock, but did not give any information as to who claimed or pretended to be the owner. Thereupon said sale was adjourned in the same manner to the 21st day of July, 1913, and again to the 4th day of August, 1913. While complainants are informed and believe that said McMicking at the time of such levy was and yet continues to be the actual owner of said shares of stock just as shown by the books of the laundry company, they are unable to learn whether any assignment or transfer of the same was ever made in fact by him which was not entered upon the books and records of said Standard Laundry Company, and charge if any transfer or assignment was made, it was without consideration and a pretended one, "a mere sham, and was made to hinder, delay, and defraud the creditors of said R. L. McMicking and with the intention of defrauding the estate of George D. McNichol, deceased, and your orators," and said stock is held by his assignee without consideration, and in trust for said McMicking; that by reason of such alleged assignment and written notice thereof served upon the sheriff the title and true ownership of said stock has become clouded and in doubt, so that no bidders can be procured for said shares when offered for sale under said levy, and the sheriff is unable to safely and satisfactorily proceed

with the sale. The complainants therefore ask that by an order of the court defendants be compelled and directed to discover and disclose the true and rightful owner of said shares of stock, and make answer to certain interrogatories set out in said bill; that the alleged assignment be set aside and declared null and void as to complainants and any purchasers of said stock at execution sale, and the true ownership at the time of the levy declared and decreed to be in said defendant McMicking; that complainants' lien upon said stock by virtue of its levy be sustained and the sheriff authorized and directed to proceed in the execution of said writ; that defendants be restrained by injunction from incumbering or transferring, or in any way interfering with, the title of said shares of stock during the pendency of said suit—concluding with a prayer for general relief.

Defendants' grounds of demurrer are:

"(1) Because the complainants have not, in and by their bill, made or stated such a case as entitles them to maintain their bill, in that the execution has not been returned unsatisfied on the judgment obtained by them, as required by section 436 of the laws of Michigan as compiled in the year 1897.

"(2) Because the bill in aid of execution cannot be maintained where the interest is in personal property.

"(3) Because complainants have a full, complete, and adequate remedy at law."

Defendants' demurrer admits the truth of the allegations in complainants' bill. As framed, it is not a judgment creditor's bill filed to reach equitable assets not subject to legal execution, a prerequisite of which is an execution returned *nulla bona,* indicating that all legal remedies have been exhausted. The bill shows that complainants did find personal property subject to execution belonging to one of the defendants, and levied upon it. They had an unsatisfied valid judgment

and a lien upon the property through levy of an execution issued to satisfy such judgment. The bill is filed in aid of that execution, which it is alleged defendants are hindering, delaying, and seeking to defeat by a false and pretended assignment, fraud, and concealment, thus interposing inequitable impediments in the way of a proper and legal enforcement of the execution.

The rules applicable to judgment creditors' bill and bills in aid of execution are not the same, neither are the latter confined to levies upon real estate. *Gibbons* v. *Pemberton,* 101 Mich. 397 (59 N. W. 663, 45 Am. St. Rep. 417) ; *Hodge* v. *Gray,* 110 Mich. 654 (68 N. W. 979) ; *Schelowski* v. *Pawlowski,* 168 Mich. 664 (134 N. W. 997) ; *McKenna* v. *Crowley,* 16 R. I. 364 (17 Atl. 354) ; *Chardavoyne* v. *Galbraith & Co.,* 81 Ala. 521 (1 South. 771).

Complainants by the scheme of their bill are creditors, with a lien invoking the original, common-law jurisdiction possessed by courts of equity to entertain suits of creditors who have proceeded to judgment and have an execution lien, which is rendered unavailable by some impedient which the debtor has fraudulently interposed to further successful progress in the action at law, and the chancery court is asked to aid in enforcing the lien by removing the fraudulent obstruction.

"In such a case equity is resorted to in aid of the law, to enable the creditor to sell the property to better advantage." *McKenna* v. *Crowley, supra,* where numerous authorities are cited.

That it is not necessary or proper in all cases to first sell the property levied on at execution sale before applying to a court of equity for aid, as defendants contend should be done, is clearly indicated by the above quotation and sustained by this court in *Cranson* v. *Smith,* 47 Mich. 189 (10 N. W. 194).

As a general proposition equity courts recognize the right of a judgment creditor to attack any fraudulent conveyance, subterfuge, or device resorted to by the debtor for the purpose of hindering, delaying, or defeating the creditor from realizing upon his judgment. This principle as applicable to the instant case is digested, and we think well supported, by decisions of this court and other jurisdictions in the following annotation to section 436, 1 Comp. Laws:

"Where a lien has been acquired by levy of execution, or where there is an outstanding execution in the hands of an officer and a fraudulent obstruction is interposed to prevent its being levied, a bill may be sustained for a discovery and to remove such obstruction."

Such we find to be the purport of this bill.

The order overruling defendants' demurrer is hereby affirmed, with costs.

BROOKE, C. J., and PERSON, KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.